Dorothy M. BLACK *v.* Charles C. CRAWLEY, et al.

90-145                                    804 S.W.2d 366

Supreme Court of Arkansas
Opinion delivered March 4, 1991.

*Charles Phillip Boyd, Jr.,* for appellant.

*Barrett, Wheatley, Smith & Deacon,* by: *J.C. Deacon* and *Paul C. McNeil,* and *Wolff Ardis,* for appellee.

DONALD L. CORBIN, Justice. Appellant, Dorothy M. Black, as parent and next friend of April Renee Black, her minor daughter, filed a complaint against Dr. Charles C. Crawley in St. Francis County Circuit Court on March 9, 1988. Appellant sought to recover damages in her own behalf and that of her daughter for medical malpractice allegedly committed by Dr. Crawley during the delivery and treatment of her daughter in 1981. Appellant subsequently filed an amended complaint and a second amended complaint, in which she added as parties defendant another doctor, along with Dr. Crawley's corporate employer and its insurance carrier. On February 28, 1990, plaintiff Dorothy M. Black's personal claim as parent was dismissed because of the running of the Arkansas two-year statute of limitations for actions for medical injury. Ark. Code Ann. § 16-114-203 (1987). This appeal comes from the dismissal of that claim.

■ We dismiss the appeal pursuant to Ark. R. Civ. P. 54(b) because the order appealed from is not an appealable order. Rule 54(b) provides in part:

> [W]hen multiple parties are involved, the court may direct the entry of a *final judgment* as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. [Emphasis added.]

Here, the order dismissing appellant simply states: "[t]he Motion to dismiss any claim of Dorothy Black, individually, is granted by reason of limitations." While it does dismiss fewer than all the parties plaintiff, the order neither reflects that any determination was made concerning just reason for delay nor expressly directs the entry of judgment.

Although Dorothy Black's claim was dismissed, April's

claim is still pending on the record that is now before us. Because there was no compliance with the requirements of Rule 54(b) for entry of a final judgment, Dorothy Black's appeal must be dismissed. *Middleton* v. *Stilwell*, 301 Ark. 110, 782 S.W2.d 44 (1990); *Bradley* v. *French*, 297 Ark. 567, 764 S.W.2d 605 (1989).

Appeal dismissed.