Jack D. WALLNER and Billie F. Wallner *v.* Bishop
Andrew J. McDONALD, Roman Catholic Bishop of the
Diocese of Little Rock and Carolyn J. Bomberger and
William A. Bomberger

91-299                                              825 S.W.2d 265

Supreme Court of Arkansas
Opinion delivered March 9, 1992
[Rehearing denied April 13, 1992.]

*Epley & Epley Ltd.*, by: *Alan D. Epley*, for appellants.

*Williams & Anderson*, by: *John Shannon*, for appellees.

DAVID NEWBERN, Justice. The appellants, Jack D. and
Billie F. Wallner, have appealed from a decision denying their
claim for specific performance. After holding against the
Wallners, the Chancellor purported to amend the pleadings to
state a claim for damages and transferred the case to circuit
court. We dismiss the appeal because the Chancellor's action in
certifying that there was no need for delay was insufficient to
comply with Ark. R. Civ. P. 54(b) and the order transferring the
case to circuit court is not appealable. Ark. R. App. P. 2(a).

In 1986 the parishioners of St. Elizabeth Catholic Church in
Eureka Springs began looking for a site to build a new church
facility. Carolyn and William Bomberger donated a tract of land

south of Eureka Springs to the Church for this purpose. Cletus Humm, Carolyn's first cousin, arranged the transaction. The deed from the Bombergers to the Bishop, dated March 10, 1987 contained the following restriction: "Lands hereinabove described reverts to grantor in event church building or buildings are not under construction within two years from date of this conveyance."

The donated land is on a hillside. Church members decided an adjacent tract on the hilltop would be more suitable. The Bishop then entered an agreement with the Wallners that the Wallners would buy the hilltop property and trade it for a portion of the land donated by the Bombergers. The Wallners bought the hilltop site in September of 1987 and delivered a deed to the Bishop a year later.

By this time, the Bishop had become concerned about the reversionary language in his deed from the Bombergers. He twice asked the Bombergers to waive the clause, but they refused. As the Bishop would not perform the land exchange agreement, the Wallners filed a suit seeking specific performance. The Bombergers intervened, requesting that title to the property be quieted in them because construction had not begun within two years from the date of the grant.

The Chancellor found that the Bomberger deed vested a fee simple determinable in the Bishop, construction did not begin within the two year period, and title reverted to the Bombergers. As title to the property was in the Bombergers, specific performance of the land exchange agreement between the Bishop and the Wallners was impossible. The Chancellor also determined that the Bishop breached the oral contract with the Wallners to exchange land. He amended the pleadings on his own motion and transferred the Wallners' claim against the Bishop to Circuit Court. The order stated that entry of judgment in the Bombergers' favor was deemed final because "there was no just reason for delay."

## 1. Appeal

As the Wallners' claim was transferred to Circuit Court, a final judgment has not yet been entered. A judgment is final if it dismisses the parties from the court, discharges them

from the action, or concludes their rights to the subject matter in controversy. *See, e.g., Middleton* v. *Stilwell*, 301 Ark. 110, 782 S.W.2d 44 (1990); *Elardo* v. *Taylor*, 291 Ark. 503, 726 S.W.2d 1 (1987). Rule 54(b) provides in part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

■ A court making a determination pursuant to Rule 54(b) must state a factual basis for the express determination that there is no just reason for delay in appealing the judgment entered when other matters remain unresolved. *Franklin* v. *OSCA, Inc.*, 308 Ark. 409, 825 S.W.2d 812 (1992); *Arkhola Sand & Gravel Co.* v. *Hutchinson*, 291 Ark. 570, 726 S.W.2d 674 (1987). Here the Chancellor did no more than recite the words of the Rule, and that is insufficient. Absent compliance with Rule 54(b), we dismiss the Wallners' appeal for lack of a final order. *King* v. *Little Rock School Dist.*, 296 Ark. 552, 758 S.W.2d 708 (1988).

### 2. Cross-appeal

■ The Bishop argues the Chancellor erred by transferring the Wallners' claim to Circuit Court. An order transferring a suit from law to equity or vice versa is not a final, appealable order. Ark. R. App. P. 2(a); *McIlroy Bank & Trust* v. *Zuber*, 275 Ark. 345, 629 S.W.2d 304 (1982).

Appeal and cross-appeal dismissed.