Kenneth GUEBERT *v.*
Ronald B. WILLIAMS and Jill Lynn Williams

94-492                                                  889 S.W.2d 30

Supreme Court of Arkansas
Opinion delivered December 12, 1994

*Donald R. Roberts*, for appellant.

*Wooton & Slegle, P.A.*, for appellees.

ROBERT L. BROWN, Justice. The appellant, Kenneth Guebert, is the representative of an unincorporated property owner's association for the unplatted Walnut Hill Estates subdivision. He filed a petition for declaratory judgment on behalf of the property owners against the appellees, Ronald B. and Jill Lynn Williams, and seven other defendants (Carl R. Cordell, Irma Lee Cordell, University of Ozarks, Marvin Watts, Barry Burris, Wayne Ayers, and James M. Hall), alleging that a common development plan existed in the unplatted subdivision and that the Williamses and the other defendants had violated that plan by not abiding by certain covenants and restrictions. Guebert specifically alleged that the Williamses had violated one restriction by placing a mobile home on their property and that the other defendants had chosen not to acknowledge the land use restrictions.

The subdivision in question had originally belonged to a partnership, C & W Properties, also described as Cordell Wilson Properties, which subdivided the property and conveyed several lots by deed with land use restrictions contained in those deeds. One of these restrictions prohibited the placement of mobile homes on the premises. The restrictions were either set out in the deeds or attached to the deeds of the subsequent purchasers. However, the restrictions were never recorded as part of a subdivision plat or bill of assurance.

The C & W partnership dissolved and the remaining tracts of land were divided among the three partners. One of the partners, Carl Cordell, who was a defendant in this matter, sold one of the remaining tracts of land to the Williamses without the mobile home restriction in the deed. The Williamses proceeded to put a mobile home on their property. Because of this, Guebert requested that the chancellor enter a declaratory judgment finding that a common development scheme existed and that the tracts sold by deeds without the land use restrictions be subject to that scheme. The Williamses moved for summary judgment, and the chancellor granted the motion and dismissed the Williamses from the action.

The appeal now brought by Guebert is defective. Neither the abstract nor the record reflects that the chancellor took any action with respect to the remaining seven parties named as defendants in Guebert's lawsuit. Thus, it cannot be determined whether Guebert's claims against the remaining defendants are still viable. What is clear is that based on what we have before us, the claims against those parties are still pending and have not been dismissed. The chancellor's order, as a consequence, is not a final judgment in compliance with Arkansas Rule of Civil Procedure 54(b). Furthermore, there is no 54(b) certification in the chancellor's order. We have stated in no uncertain terms what is required in a Rule 54(b) certification:

> Ordinarily, an order granting a motion to dismiss to one party to a lawsuit, which involves multiple parties and multiple claims, is not an appealable order. *Arkansas Dep't of Human Serv.* v. *Farris*, 309 Ark. 575, 832 S.W.2d 482 (1992); *Sherman* v. *G & H Transportation, Inc.*, 287 Ark. 25, 695 S.W.2d 832 (1985). An appeal from such an order, however, is permissible under Rule 54(b) when the trial court directs the entry of a final judgment as to one or more of the claims or parties and makes express findings that there is no just reason to delay the appeal. *Wallner* v. *McDonald*, 308 Ark. 590, 825 S.W.2d 265 (1992). In order to determine that there is no just reason for delay, the trial court must find that a likelihood of hardship or injustice will occur unless there is an immediate appeal and must set forth facts to support its conclusion. *Barr* v. *Richardson*, 314 Ark. 294, 862 S.W.2d 253 (1993); *Wallner* v. *McDon-*

*ald, supra; Franklin* v. *OSCA, Inc.*, 308 Ark. 409, 825 S.W.2d 812 (1992). That factual underpinnings supporting a Rule 54(b) certification may exist in the record is not enough. They must be set out in the trial court's order. *Franklin* v. *OSCA, Inc., supra.*

*Davis* v. *Wausau Ins. Co.*, 315 Ark. 330, 332, 867 S.W.2d 444, 445-446 (1993); *see also Barnhart* v. *City of Fayetteville*, 316 Ark. 742, 875 S.W.2d 79 (1994); *Wormald U.S., Inc.* v. *Cedar Chemical Corp.*, 316 Ark. 434, 873 S.W.2d 152 (1994).

In sum, claims against seven parties remain, and there was no Rule 54(b) certification in the chancellor's order. Accordingly, the appeal must be dismissed.

Appeal dismissed.