John FREEMAN and Ruth Freeman *v.*
COLONIA INSURANCE COMPANY

94-626                                    890 S.W.2d 270

Supreme Court of Arkansas
Opinion delivered January 9, 1995

*Barham Law Office*, by: *R. Kevin Barham*, for appellants.

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *John E. Moore* and *Jeffrey A. Weber*, for appellee.

ROBERT L. BROWN, Justice. The appellants, John Freeman and Ruth Freeman, appeal an order granting summary judgment in favor of appellee Colonia Insurance Company on their claim of bad faith and dismissing without prejudice their conversion claim against the same party. Because another claim against another party, Dema Saxton, which was brought by the Freemans in the same lawsuit has not been disposed of, we dismiss this appeal pursuant to Ark. R. Civ. P. 54(b).

On November 12, 1992, appellant Ruth Freeman was involved in an automobile accident with Dema Saxton. Saxton allegedly failed to stop at a red light in the City of Ozark and collided with the automobile driven by Freeman. At the time, Saxton carried liability insurance with appellee Colonia Insurance. Freeman and her husband, John Freeman, filed a complaint against Saxton, asserting that she was negligent and had caused the accident. The complaint also joined Colonia Insurance as a party defendant and alleged bad faith and conversion against the insurer for taking possession of Freeman's automobile, repairing it, and then selling it without her permission.

Colonia Insurance moved for summary judgment on the issue of bad faith based on the fact that only an insured can make a claim of bad faith against an insurer and that Freeman did not occupy that status. After a hearing on the motion, the trial court entered an order granting summary judgment to Colonia Insur-

ance on the issue of bad faith and dismissing without prejudice the conversion claim. The trial court expressly stated in its order that it would be prejudicial to Saxton to try the remaining cause of action for conversion against Colonia Insurance at the same time that the negligence claim against Saxton was tried. No action was taken by the court concerning the Freemans' remaining claim of negligence against Saxton. The Freemans now appeal the trial court's order with respect to their bad faith and conversion claims.

The Freemans' appeal is defective because the court did not dispose of all of the parties or all of the claims comprising this lawsuit. Specifically, the court did not decide the Freemans' negligence claim against Saxton, and that claim is still pending for resolution. Ark. R. Civ. P. 54(b) provides that an order which disposes of fewer than all of the claims or all of the parties is not a final appealable order unless the court makes an express determination that there is danger of hardship or injustice which an immediate appeal would alleviate. *See Guebert* v. *Williams*, 319 Ark. 43, 889 S.W.2d 30 (1994); *Wallner* v. *McDonald*, 308 Ark. 590, 825 S.W.2d 265 (1992); *Davis* v. *Wausau Insur. Co.*, 315 Ark. 330, 867 S.W.2d 444 (1993). In the case at hand, the court did not make the required 54(b) certification justifying an immediate appeal. The trial court did allude to the prejudice that would accompany a joint trial against Saxton and Colonia Insurance in its order, and because of that perceived prejudice, it dismissed the remaining claim of conversion against Colonia Insurance, in effect removing it from the Saxton lawsuit, without prejudice to the Freemans to file a *separate* lawsuit against the insurance company. Nevertheless, that statement by the court falls far short of the required Rule 54(b) language required to justify an immediate appeal. *See Franklin* v. *Osca, Inc.*, 308 Ark. 409, 825 S.W.2d 812 (1992).

Appeal dismissed.