BANK of ARKANSAS, N.A. *v.*
FIRST UNION NATIONAL BANK
and Mana Corporation

00-1113                                     30 S.W.3d 110

Supreme Court of Arkansas
Opinion delivered November 16, 2000

*Everett Law Firm*, by: *Jason H. Walls*, for appellant.

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd.*, by: *Scott T. Vaughn*, for appellee.

PER CURIAM. ■■ On October 18, 2000, appellees, First Union National Bank ("First Union"), filed a motion to dismiss appellant Bank of Arkansas's appeal. First Union argued that appellant's appeal should be dismissed because the order appealed from is not a·final and appealable order pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure. Rule 54 states in relevant part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross–claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than

all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

*Id.* We have held that merely tracking the language of Rule 54(b) will not suffice; the record must show facts to support the conclusion that there is likelihood of hardship or injustice that would be alleviated by an immediate appeal rather than at the conclusion of the case. *Fisher v. Citizens Bank,* 307 Ark. 258, 819 S.W.2d 8 (1991). The rule is not intended to create an avenue for two stages of review simply by citing Rule 54(b). The rule is intended to permit review before the entire case is concluded, but only in those exceptional situations where a compelling, discernible hardship will be alleviated by an appeal at an intermediate stage. *Id.*

■■ The fundamental policy behind Rule 54(b) is to avoid piecemeal appeals. *Hodges v. Huckabee,* 333 Ark. 247, 968 S.W.2d 619 (1998). An appeal that fails to comply with Rule 54(b) will be dismissed without prejudice, and the parties will be permitted to file at a later date. *Stratton v. Arkansas State Hwy. Comm'n.,* 323 Ark. 740, 917 S.W.2d 538 (1996).

In the present case, appellant appealed from an order that granted summary judgment in favor of First Union and left appellant's separate claims against Mana Corporation unresolved. Specifically, the trial court's order, which was filed on June 26, 2000, found:

> First Union National Bank's motion for summary judgment filed against plaintiff Bank of Arkansas on May 19, 2000 should be, and hereby is, granted in its entirety; and
>
> It is further ordered, that this order is a final, dispositive judgment as to First Union National Bank, and immediate appeal from this order is permissible under Ark. R. Civ. P. 54(b). The Court finds that there is no reason to delay such an appeal due to the likelihood of hardship or injustice which might result if appeal is not allowed until the disposition of the plaintiff's claims against the remaining defendant in this case. There is no just reason to delay an appeal of this order because the plaintiff's claims against the remaining defendant, Mana Corporation, cannot proceed in this court at this time due to the automatic stay afforded Mana Corporation by its Chapter 11 bankruptcy filing on November 10, 1999. Moreover, allowing the plaintiff to take an immediate appeal from this order will avoid unnecessary delay because it will avoid the possibility of repeated litigation concerning the same facts and

legal issues and will reduce the burden on the financial resources of the parties and judicial economy of the court. Therefore, the court finds that the plaintiff should be allowed to pursue an immediate appeal of this order.

■ Although the trial court's finding that "plaintiff's claims against the remaining defendant Mana Corporation, cannot proceed in this court at this time due to an automatic stay afforded Mana Corporation by its chapter 11 bankruptcy filing," was correct on June 26, 2000, First Union contends, and appellant does not contest, that Mana Corporation had requested that the bankruptcy case be dismissed on May 23, 2000, prior to the entry of the trial court's order in this case. Mana Corporation's bankruptcy case was dismissed on July 18, 2000, only twenty-two days after entry of the trial court's June 26, 2000 order. Additionally, Mana Corporation's second bankruptcy action was dismissed with prejudice on September 15, 2000[1]. Based upon these circumstances, it appears that claims against Mana Corporation are no longer afforded the protection of Chapter 11's automatic stay and that appellant may proceed with its claims against Mana Corporation. Because the trial court should be afforded an opportunity to resolve the remaining issues in this case prior to an appeal, and because we do not find that appellant will suffer a hardship or that injustice will result by requiring the resolution of all claims against all parties before appellant may appeal its case to this court, we conclude that the order appellant seeks to appeal from is not a final appealable order, and we dismiss appellant's appeal without prejudice. We further note that, if we were to allow this appeal to proceed while appellant's claims against Mana Corporation remained unresolved, we would be allowing a piecemeal appeal in violation of the principles that Rule 54(b) is intended to protect. Accordingly, we grant First Union's motion to dismiss appellant's appeal without prejudice and hold that appellant may refile its appeal at a later date when it is able to provide this court with a final order pursuant to Rule 54(b).

Granted.

---

[1] We note that because the factual findings upon which the trial court's June 26, 2000, order was based had become inaccurate as of September 15, 2000, First Union could have sought relief from the trial court pursuant to Rule 60(a) of the Arkansas Rules of Civil Procedure.