Richard Emmit JONES *v.* Michael HUCKABEE, Governor; Arkansas Crime Information Center; & Charles Pruitt

04-1394                                                                     213 S.W.3d 11

Supreme Court of Arkansas
Opinion delivered September 15, 2005

*David O. Bowden*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Eric F. Walker*, Ass't Att'y Gen., for appellee.

R OBERT L. BROWN, Justice. Appellant Richard Emmit Jones appeals from the circuit court's order granting

summary judgment to the appellees, Governor Huckabee, the Arkansas Crime Information Center (ACIC), and Charles Pruitt. Because the circuit court's order is not a final, appealable order as required by Arkansas Rule of Appellate Procedure – Civil 2 and Arkansas Rule of Civil Procedure 54(b), we dismiss the appeal.

On June 26, 2003, Jones filed a complaint against the appellees and John Does 1-20, individually and in their official capacities, alleging a violation of his civil rights stemming from the ACIC's refusal to remove prior records of his arrests from its database, despite court orders to do so. Jones claimed irreparable harm to his reputation, equal-protection and due-process violations, and a deprivation of his liberty, reputation, and employment interests. On July 15, 2003, appellees Huckabee, ACIC, and Pruitt, moved to dismiss his complaint for failure to state a claim upon which relief could be granted, citing immunity under the Arkansas Civil Rights Act, and asserting that they did not violate his rights as a matter of law. Following the filing of an amended complaint and appellees' motion to dismiss the amended complaint, the circuit court entered its order.

Construing the appellees' motion to dismiss as a motion for summary judgment, the circuit court granted it and dismissed "all Defendants except for John Does 1-20." The circuit court found that not every defendant was completely immune from suit. It further found that while Jones was eligible to have his arrest records expunged, any order to have the records removed from the database was not based on any statutory authority and conflicted with state law. The circuit court concluded that for this reason, the named defendants did not violate Jones's constitutional rights. It then granted appellees' summary-judgment motion and dismissed Governor Huckabee, ACIC, and Charles Pruitt.

Rule 54(b) provides, in pertinent part, that:

> any judgment, order, or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of *fewer than all the parties* shall not terminate the action as to any of the claims or parties, and the judgment, order, or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all of the parties.

Ark. R. Civ. P. 54(b) (2005) (emphasis added). While neither party raises this issue, the question of whether an order is final and subject to

appeal is a jurisdictional question that this court will raise *sua sponte.* *See Cockrum v. Fox,* 359 Ark. 508, 199 S.W.3d 69 (2004). In this case, there is neither a final order as to the John Does 1-20, nor is there a 54(b) certification. For that reason, we have no jurisdiction to hear this case and we dismiss it without prejudice so that the circuit court may enter an order as to the remaining defendants, John Does 1-20. *See Moses v. Hanna's Candle Co.,* 353 Ark. 101, 110 S.W.3d 725 (2003); *Shackelford v. Arkansas Power & Light Co.,* 334 Ark. 634, 976 S.W.2d 950 (1998).

Appeal dismissed without prejudice.