Rholan NELSON  *v.*  Dr. John B. WEISS
and John Does Nos. 1-5

05-1079                                                                 235 S.W.3d 891

Supreme Court of Arkansas
Opinion delivered May 18, 2006

[Rehearing denied June 22, 2006.]

*Law Offices of Charles Karr, P.A.*, by: *Charles Karr*, for appellant.

*Cox, Cox & Estes, PLLC*, by: *Walter B. Cox* and *James R. Estes*, for appellee.

JIM HANNAH, Chief Justice. Appellant Rholan Nelson brings this appeal following dismissal with prejudice of his medical-malpractice complaint against appellee John Weiss, M.D., and John Does 1-5. Nelson contends that his complaint was timely filed pursuant to Rule 4(i) of the Arkansas Rules of Civil Procedure as good cause was shown for an extension of time in which to obtain service. He further argues that he had a right to rely on the circuit court's extension order because he believed that he had submitted good cause for requesting the extension of time and because he obtained service of process on Dr. Weiss before the extension order was revoked. Finally, Nelson argues that even if his case should be dismissed, it should be dismissed without prejudice and he should be

entitled to the benefit of the savings statute. The court of appeals certified this case to us, as it involves the interpretation and further development of our Rules of Civil Procedure. Thus, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(5) and (b)(6). We agree that Nelson demonstrated good cause in his motion for extension of time. Therefore, we reverse the order of dismissal of the circuit court and remand for further proceedings.

The record in this case reflects the following sequence of events. Nelson underwent cardiovascular surgery on January 20, 2003, in which Dr. Weiss was the operating surgeon. Postoperatively, Nelson developed neuropathic pain in the lower left extremity. On January 20, 2005, Nelson filed a medical-malpractice action, alleging that Dr. Weiss was negligent in performing the surgery. Pursuant to Rule 4(i), Nelson had 120 days, or until May 20, 2005, to serve Dr. Weiss with the summons and complaint. On May 13, 2005, the summons was delivered to the Washington County Sheriff's Office. On May 20, the deadline date for completion of service, Nelson filed a motion for extension of service, requesting an additional 120 days in which to perfect service of process. In his motion, Nelson stated that "[t]he Summons and Complaint have been sent to the Sheriff of Washington County, but they have been unable to serve the Complaint at this time," and that "[d]efendant's attorney may raise insufficiency of service of process as a ground for dismissal." The circuit court granted the motion for extension of time "for good cause shown."[1]

On May 25, 2005, Dr. Weiss was served with the complaint and summons. Subsequently, Dr. Weiss filed a motion to dismiss the complaint with prejudice, arguing that Nelson's motion for extension of time did not demonstrate good cause and, therefore, the order was invalid and Nelson's cause of action was barred by the two-year statute of limitations for medical malpractice. The circuit court agreed and dismissed Nelson's complaint with prejudice.

Although Nelson raises three arguments on appeal, we need only address his first argument because it is dispositive of this case. Nelson contends that he demonstrated good cause for extending

---

[1] It appears that the circuit court signed the extension order on May 20, 2005, and the order was filed with the Boone County Circuit Clerk on May 27, 2005.

the time for service; thus, the circuit court erred in dismissing his complaint with prejudice.

Rule 4(i) provides, in relevant part:

> If service of the summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative. If a motion to extend is made within 120 days of the filing of the suit, the time for service may be extended by the court upon a showing of good cause.

Thus, two requirements must be met to obtain an extension of service under Rule 4(i): (1) the timely filing of a motion for extension, and (2) a showing of good cause. *Henyan v. Peek*, 359 Ark. 486, 199 S.W.3d 51 (2004) (citing *King v. Carney*, 341 Ark. 955, 20 S.W.3d 341 (2000)). It is undisputed that Nelson's motion for extension was timely filed. In its letter opinion, the circuit court concluded that, pursuant to our holding in *Henyan, supra*, Nelson failed to present in his motion for extension any basis for a finding of good cause. Nelson contends that *Henyan* is distinguishable from the instant case. We agree.

In *Henyan*, appellants were granted two extensions of time to complete service of process on two appellees. One of the appellees was served prior to the expiration of the second period of extension; however, the other appellee was not served until one day after the period ended, and appellants sought a third extension to serve him. Before the trial court could rule on appellants' motion for extension, appellees filed motions to set aside the two prior orders on the ground that appellants had failed to make a showing of good cause to support the extension. The trial court granted the motions to set aside, denied appellants' third extension motion, and dismissed the suit. We affirmed, stating:

> In the present case, it is undisputed that Appellants *made no showing of good cause* to extend the time for service under Rule 4(i). It is this omission that distinguishes the present case from *King*, 341 Ark. 955, 20 S.W.3d 341. In that case, the motion filed by the plaintiff's attorney provided the following three reasons to justify the extension: (1) he had just received relevant hospital reports; (2) he had just been made aware that one of the defendants who was also the agent of service for the professional association was deceased; and (3) he was exploring settlement options.

> Here, *neither of Appellants' motions offered any cause, let alone good cause,* for the extensions. Moreover, there is nothing in the trial court's orders indicating that the time for service was being extended upon a showing of good cause. Without a contemporaneous showing of good cause to grant the extensions, Appellants have failed to strictly comply with the service requirements of Rule 4(i).

*Henyan,* 359 Ark. at 493-94, 199 S.W.3d at 55 (emphasis added).

█ In the case at bar, the record reflects that Nelson's motion did offer cause for the extension. As previously noted, Nelson stated that, while he had delivered the summons and complaint to the Washington County Sheriff's Office prior to the expiration of the 120-day period, the sheriff's office had been unable to serve Dr. Weiss and, further, Nelson stated that he expected that Dr. Weiss's attorney might raise the issue of insufficiency of service of process as a ground for dismissal. As to the insufficiency-of-service-of-process argument, we agree with Dr. Weiss's contention that the mere fact that a defendant may raise a defense he is entitled to raise does not amount to "good cause" for an extension of time past 120 days to effect service. However, we believe that Nelson's assertion that "[t]he Summons and Complaint have been sent to the Sheriff of Washington County, but they have been unable to serve the Complaint at this time," satisfies the need for a contemporaneous showing of good cause in a motion for extension of time pursuant to Rule 4(i).

Based on the foregoing, the order of dismissal with prejudice is reversed, and this matter is remanded for further proceedings.

Reversed and remanded.