Brenda Chastain DOWNING, as Special Administrator for and on Behalf of the Estate of Robert L. Harris, Deceased, and the Wrongful-Death Beneficiaries of Robert L. Harris *v.* LAWRENCE HALL NURSING CENTER and Lawrence Memorial Hospital

06-176                                                      243 S.W.3d 263

Supreme Court of Arkansas
Opinion delivered November 16, 2006

*David A. Couch, PLLC,* by: *David A. Couch; Brian G. Brooks, Attorney at Law, PLLC,* by: *Brian G. Brooks,* for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.,* by: *Stuart P. Miller* and *Jeffrey W. Hatfield,* for appellees.

D ONALD L. CORBIN, Justice. This case stems from a wrongful-death action filed against Appellees Lawrence Hall Nursing Center and Lawrence Memorial Hospital by Appellant Brenda Chastain Downing, as Special Administrator for the Estate of Robert L. Harris. On appeal, Downing alleges that it was error for the trial court to dismiss her cause of action on the basis that she lacked standing to pursue the wrongful-death claim prior to the issuance of letters of administration. This case was certified to us from the Arkansas Court of Appeals, as involving issues of first impression, substantial public interest, and significant issues requiring clarification and development of the law; hence, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(1), (4), (5), and (6). We dismiss the appeal without prejudice.

Mr. Harris resided at Lawrence Hall Nursing Center from June 6, 2000, until July 25, 2000. On July 25, he was transported to Lawrence Memorial Hospital and admitted as a patient. He remained there until July 28, 2000. Mr. Harris passed away on August 3, 2000.

Following the death of Mr. Harris, Downing filed a motion requesting to be appointed as Special Administrator of his estate in order to pursue a wrongful-death claim on behalf of the estate. The motion was granted by order entered on June 7, 2002. Thereafter, on June 10, 2002, Downing, in her capacity as Special Administrator, filed a wrongful-death suit against Appellees.[1]

Four months later, on October 10, 2002, Downing filed her acceptance of appointment as Special Administrator. It was not until December 30, 2004, however, that letters of administration were issued to Downing and subsequently filed with the Clerk of Lawrence County. As a result, Appellees, on October 19, 2005, filed a motion to dismiss, pursuant to Ark. R. Civ. P. 12(b)(1), alleging that Downing lacked authority to file the wrongful-death action on behalf of the estate in the absence of the issuance of letters of administration. According to Appellees' motion to dis-

---

[1] Originally, there were other defendants named in the complaint, including St. Bernard's Hospital, Dr. Robert Quevillon, "John Does Insurance Company A through Z, said companies being the liability insurance carriers for any defendant raising an immunity defense to a direct action; and John and Jane Does A through Z, said designation representing the medical, nursing, and other health-care providers and entities charged with caring for and treating the decedent at the Defendant health-care facilities." Downing sought and was granted voluntary dismissal without prejudice against St. Bernard's and Dr. Quevillon. No further action was taken against the John Doe defendants.

miss, because Downing lacked authority to sue at the time she initiated the present action, the complaint she filed was a nullity and must be dismissed.

Following a hearing on the motion to dismiss, the trial court entered an order on November 22, 2005, granting Appellees' motion and dismissing the complaint filed by Downing. A timely notice of appeal was filed, and the issue is now before this court.

Before addressing the merits of Downing's claim on appeal, this court must first analyze whether the present appeal is from a final order. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure – Civil provides that an appeal may be taken only from a final judgment or decree entered by the trial court. The question of whether an order is final and subject to appeal is a jurisdictional question that the court will raise on its own. *Moses v. Hanna's Candle Co.*, 353 Ark. 101, 110 S.W.3d 725 (2003). Pursuant to Ark. R. Civ. P. 54(b), an order is not final that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. *Hambay v. Williams*, 335 Ark. 352, 980 S.W.2d 263 (1998).

Ordinarily, an order granting a motion to dismiss one party to a lawsuit that involves multiple parties and multiple claims is not an appealable order. *Guebert v. Williams*, 319 Ark. 43, 889 S.W.2d 30 (1994); *Davis v. Wausau Ins. Cos.*, 315 Ark. 330, 867 S.W.2d 444 (1993); *Grooms v. Myers*, 308 Ark. 324, 823 S.W.2d 901 (1992); *Sherman v. G & H Transp., Inc.*, 287 Ark. 25, 695 S.W.2d 832 (1985). An appeal from such an order, however, is permissible under Rule 54(b) when the trial court directs the entry of a final judgment as to one or more of the claims or parties and makes express findings that there is no just reason to delay the appeal. *Wallner v. McDonald*, 308 Ark. 590, 825 S.W.2d 265 (1992).

Here, there were certain John Doe defendants named in the complaint; yet, no action was taken with regard to those defendants. At the beginning of the hearing on the motion to dismiss, counsel for Appellees notified the court that Downing had voluntarily dismissed her complaint against St. Bernard's and Dr. Quevillon. The trial court then inquired as to the status of the "et al." in the case caption. Counsel for Appellees responded that there were some John Doe defendants but that they "never got placed." No further discussion occurred regarding the John Does and no action was taken to dismiss them from the case.

The present case is similar to the situation we addressed in *Shackelford v. Arkansas Power & Light Co.*, 334 Ark. 634, 976 S.W.2d 950 (1998). There, this court dismissed an appeal of an

order of summary judgment because the appellant failed to obtain a final order as to two John Doe defendants. In so ruling, the court noted that there was no order in the record granting a dismissal to the two John Doe defendants, and, as a result, the court concluded that the claims against the two John Doe defendants were still pending. The court explained that "[b]ecause there is not a final order as to these two defendants or a Rule 54(b) certification, we do not have jurisdiction to hear this case." *Id.* at 636, 976 S.W.2d at 952; *see also Jones v. Huckabee*, 363 Ark. 239, 213 S.W.3d 11 (2005) (holding that appeal must be dismissed for lack of final order where no order was ever entered dismissing John Does 1-20); *Black v. Crawley*, 304 Ark. 716, 804 S.W.2d 366 (1991) (holding that dismissal of appeal under Rule 54(b) was required where order of trial court dismissed fewer than all the plaintiffs and no Rule 54(b) certification was entered); *Vermeer Mfg. Co. v. Vandiver*, 279 Ark. 218, 650 S.W.2d 244 (1983) (holding that order dismissing just one defendant was not final, appealable order). Accordingly, because no order was entered with regard to the John Doe defendants, there is no final, appealable order before us.

Before leaving this point, we must note that the dissents engage in speculation that is unsupported by the record in an attempt to conclude that the trial court's order somehow extends to all the original defendants in this case. The reliance on *Nelson v. Weiss*, 366 Ark. 361, 235 S.W.3d 891 (2006), is unavailing. As the dissent admits, the order in *Nelson*, even though filed by the doctor, specifically referenced the John Does. Here, while the motion to dismiss may have listed all parties, the order dismissing Downing's complaint, listed only Lawrence Hall Nursing Center and Lawrence Memorial Hospital as defendants. Moreover, as previously pointed out, the trial court inquired about the status of other parties. In response, counsel for Appellees informed the trial court that Downing had voluntarily nonsuited Dr. Quevillon and St. Bernard's Hospital, and further stated that "there were some John Doe defendants, Judge, but never got placed." Clearly, the trial court relied on this information in entering an order that listed the only two parties that it thought remained as defendants in its order dismissing Downing's complaint.

The dissents suddenly want to narrow the scope of Rule 54(b) when our long-standing case law with regard to John Doe defendants requires that an order be entered regarding all parties in order to be final and appealable. If we were to accept the reasoning of the dissents that the trial court's order dismissing Appellees

applied to all of the original defendants, then the orders issued with regard to Dr. Quevillon and St. Bernard's dismissing the complaint against them *without prejudice* would somehow be trumped by the order dismissing the complaint with prejudice. This court will not speculate that such a result is what was intended by the trial court.

■ Finally, the fact that Appellees alleged that Downing's complaint was a nullity is irrelevant to a determination that there are outstanding parties. In order to accept the position advanced by the dissents, one must assume that this court would agree with Appellees' argument on the merits. Otherwise, if this court were to disagree and were to remand this case, the status of the John Does would remain unclear. The purpose of Rule 54 is to ensure finality for purposes of appeal. Such finality has not occurred in this case and, as such, we must dismiss the present appeal without prejudice.

Appeal dismissed without prejudice.

HANNAH, C.J., BROWN and GUNTER, JJ., dissent.

JIM HANNAH, Chief Justice, dissenting. I respectfully dissent. For the first time, this court is holding that an order dismissing a complaint with prejudice is not a final, appealable order. Appellees Lawrence Hall Nursing Center and Lawrence Memorial Hospital did not seek dismissal of the claims against them but rather attacked and obtained a dismissal of the entire complaint as void. If there is no complaint, there obviously can be no parties or claims remaining to be dismissed.

I note first that the majority apparently mistakes the case caption for an order of the circuit court. While an order necessarily includes a caption, the caption is not the order:

IN THE CIRCUIT COURT OF LAWRENCE COUNTY

BRENDA CHASTAIN DOWNING,
As Special Administrator for and on
behalf of the Estate of ROBERT L.
HARRIS, Deceased, and the Wrongful
Death Beneficiaries of Robert L. Harris          PLAINTIFFS

V.                              No. CV-2002-67

LAWRENCE HALL NURSING CENTER;
LAWRENCE MEMORIAL HOSPITAL          DEFENDANTS

## ORDER OF DISMISSAL WITH PREJUDICE

On November 3, 2005, came on for hearing the Defendants' Motion to Dismiss, and after consideration of the pleadings, Motions to Dismiss, Brief in Support of Motion to Dismiss, including authority and exhibits cited therein, arguments of counsel and other matters appearing herein, the Court does hereby order as follows:

1. Defendants' Motion to Dismiss is hereby granted and Plaintiffs' Complaint is dismissed with prejudice.

IT IS SO ORDERED.

Honorable Harold Erwin

November 10, 2005
Date

Based on this order, the majority states that it is speculation to conclude that the order extends to all defendants. The order clearly, obviously, and conclusively, extends to every defendant because it dismisses the complaint. If there is no complaint there can be no defendants of any form.

The majority further errs in stating that the order only lists Lawrence Hall Nursing Center and Lawrence Memorial Hospital. The order lists neither. The caption lists Lawrence Hall Nursing Center and Lawrence Memorial Hospital in identifying the action to which the order applies.

The majority also states that "[t]he dissents suddenly want to narrow the scope of Rule 54(b) when our long-standing case law with regard to John Doe defendants requires that an order be entered regarding all parties in order to be final and appealable." Yet again, if the complaint is extinguished by the dismissal with prejudice, the John Does, and in fact every defendant of every type is extinguished as well. Further, contrary to the majority's discussion with respect to the prior dismissal of Dr. Quevillon and St. Bernard's without prejudice, when the dismissal of the complaint with prejudice was entered, the order indeed trumped the prior dismissal without prejudice. If there is no longer a complaint, there is no possibility that Dr. Quevillon and St. Bernard's will be renamed to this action. There is no action.

The majority misunderstands Rule 54(b). Arkansas Rule of Civil Procedure 54(b) is inapplicable to this case. It applies only where a dismissal concludes the action as to less than all the parties

or claims; it does not apply in this case where the complaint itself is dismissed. Rule 54(b) deals with a final judgment entered "as to one or more but fewer than all of the claims or parties." Here all the claims and parties were dismissed because the complaint was dismissed. An order is final and appealable where it concludes the rights of the plaintiffs to the subject matter in controversy. *Fisher v. Chavers*, 351 Ark. 318, 92 S.W.3d 30 (2002). A dismissal of a plaintiff's complaint clearly concludes a plaintiff's rights in the subject matter in controversy.

The motion to dismiss sought to dispose of the entire action. The appellees alleged in their motion to dismiss that the circuit court lacked "subject-matter jurisdiction." Jurisdiction is the power of the court to hear and determine the subject matter in controversy between the parties. *Pederson v. Stracener*, 354 Ark. 716, 128 S.W.3d 818 (2003). A court that acts without subject-matter jurisdiction or in excess of its power produces a result that is void and cannot be enforced. *Young v. Smith*, 331 Ark. 525, 964 S.W.2d 784 (1998). Appellees asserted that the circuit court lacked the authority to entertain the complaint.

Appellees also asserted that the complaint was a "nullity." Alleging that the complaint is a nullity is alleging that the complaint itself never existed. *See Brewer v. Poole*, 362 Ark. 1, 207 S.W.3d 458 (2005). By arguing that the complaint was a nullity, the appellees were arguing that the complaint was legally void. *See Black's Law Dictionary* 1098 (8th ed. 2004).

Nothing in the record or argument supports the idea that appellees sought to be dismissed from the complaint. The circuit court understood that the appellees were seeking dismissal of the complaint in its entirety. This is evident in the order, which provides that "Plaintiff's Complaint is dismissed with prejudice." The order did not dismiss claims or parties.

Rule 54(b) is applicable only before the entire case is dismissed. *See Bank of Ark., N.A. v. First Union Nat'l Bank*, 342 Ark. 705, 30 S.W.3d 110 (2000). The majority's opinion introduces confusion and uncertainty into a well-settled area of law. It undermines finality. It will engender needless further pleading and costs. The practice of law now becomes needlessly more complex, and a new trap is laid for the unwary attorney. An attorney may no longer leave court with the dismissal of a complaint with prejudice and be sure that the action is actually concluded. The circuit courts and attorneys must now search for the magic words needed to

assure that this court will acknowledge that when a circuit court dismisses a complaint it has dismissed the complaint. This case is properly before this court, and the parties are entitled to have it decided on the merits.

BROWN and GUNTER, JJ., join.

ROBERT L. BROWN, Justice, dissenting. This opinion today, which forces the appellants, in effect, to return to the trial court for resolution of claims against John Doe defendants, *when the plaintiff's complaint has already been dismissed by the trial court,* defies the test of reasonableness. I would treat a dismissed complaint as exactly that — a dismissed complaint — and not require the trial court to engage in a redundant act. To remand to the trial court under these facts is meaningless and further delays resolution of this appeal and justice for the parties.

Clearly, where claims against John Doe defendants have not been resolved, this court has invoked Rule 54(b) and dismissed the appeal. *See, e.g., Shackelford v. Ark. Power & Light Co.,* 334 Ark. 634, 976 S.W.2d 950 (1998). But those cases involved situations where judgments were rendered for all individual parties except the John Doe defendants. That is not the situation for the present appeal. Here, the appellants' complaint has been dismissed by the trial court which necessarily resolves all claims against all defendants. The trial court's dismissal of the complaint was not limited to certain defendants. Rather, the trial court said, "Defendant's Motion to Dismiss is hereby granted and Plaintiffs' complaint is dismissed with prejudice." Adding weight to this conclusion is the fact that the motion to dismiss referred to all defendants in its style of the case.

Not only is today's decision unreasonable, but it casts doubt on a recent opinion by this court. *See Nelson v. Weiss,* 366 Ark. 361, 235 S.W.3d 891 (2006). In *Nelson,* the plaintiff's medical malpractice complaint was brought against the defendant doctor and five John Does. The trial court granted the doctor's motion to dismiss and dismissed the patient's complaint with prejudice. This court accepted the patient's appeal and did not invoke Rule 54(b) on our own motion regarding the John Doe defendants. That is precisely the situation we have in the instant case. Now, however, this court in six short months is willing to jettison that opinion in favor of the opposite result. It is true that the dismissal order in *Nelson* referenced the John Doe defendants, but the motion to dismiss was filed solely by the doctor.

In the case before us, John Does were named as defendants. The two named defendants moved to dismiss the complaint, referring to all defendants in the style of the case, and the trial court did so. To now contend that dismissal of the complaint is limited only to certain defendants stretches credulity and undermines the trial court's order. If the trial court had wished to limit its dismissal to certain defendants, the court would have said so. It did not. Furthermore, had the appellants believed their complaint was still extant regarding the John Does, they would have raised that issue to the trial court before appealing. They did not do so.

None of the cases cited by the majority are apposite to this case. In *Shackleford v. Arkansas Power & Light Co.*, *supra*, the dismissal by the trial court *specifically* related to AP&L, thus leaving the complaint against the John Doe defendants still pending. In the instant case, the trial court dismissed the complaint without limitation to any defendant. In *Jones v. Huckabee*, 363 Ark. 239, 213 S.W.3d 11 (2005), the trial court's dismissal order expressly excepted the John Doe defendants. That is not the situation in the case before us. In *Black v. Crawley*, 304 Ark. 716, 804 S.W.2d 366 (1991), only the mother's claim was dismissed, leaving the daughter's claim still viable. We said that was a clear Rule 54(b) violation. That is obviously distinguished from the instant case. In *Vermeer Manufacturing Co. v. Vandiver*, 279 Ark. 218, 650 S.W.2d 244 (1983), only one claim was resolved against one party in a multiple-party case. We dismissed that appeal as an obvious Rule 54(b) violation.

Those cases are far afield from the case at hand where the entire complaint was dismissed. Our *Nelson v. Weiss* decision was reasonable and just. I would not expand our John Doe jurisprudence in such an illogical way. Rather, I would resolve this case on the merits.

For these reasons, I respectfully dissent.

HANNAH, C.J., and GUNTER, J., join this dissent.