



# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-13-82

| | |
|---|---|
| JEA LIMITED PARTNERSHIP<br>APPELLANT | **Opinion Delivered** September 4, 2013 |
| V. | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CV-11-493] |
| L.G. REYNOLDS; MARY JANE REYNOLDS REVOCABLE TRUST DATED DECEMBER 4, 2002; RICKY L. REYNOLDS; AND TRINA REYNOLDS | HONORABLE RHONDA K. WOOD, JUDGE |
| APPELLEES | APPEAL DISMISSED WITHOUT PREJUDICE |

**PHILLIP T. WHITEAKER, Judge**

Appellant JEA Limited Partnership appeals an order of the Faulkner County Circuit Court granting summary judgment to appellees L.G. and Mary Jane Reynolds, as Trustees of the L.G. and Mary Jane Reynolds Revocable Trust, and Ricky L. and Trina Reynolds. Because we lack a final, appealable order, we dismiss the appeal without prejudice.

This appeal involves the conveyance of two tracts of land located in Faulkner County and the reservation of mineral interests in that land. The detailed facts of the chain of title to the land are not recited in this opinion, as they are not germane to our conclusion to dismiss without prejudice for want of a final, appealable order. We do note, however, that one of the Allens' predecessors in title had previously retained a one-half interest in the mineral interests on the same property. In May 1986, John Allen and his wife, Kevyn Allen, executed

a warranty deed and conveyed the two tracts of land to L.G. and Mary Jane Reynolds ("Reynolds"). After setting forth the property description, the deed stated as follows: "SUBJECT TO all right of ways, covenants and restrictions, easements and all other reservations of record." Following that statement, typed in a different font, was the notation "Sellers reserve ½ minerals."

In October 1986, John and Kevyn Allen purported to convey their retained mineral interests to "John E. Allen, as Trustee for Arkansas Surgery Clinic, Inc." In September 1997, John Allen, on behalf of the Arkansas Surgery Clinic, conveyed a mineral deed to JEA Limited Partnership.

In 2011, Reynolds filed a complaint for reformation and to quiet title against the Allen successors, alleging that, at the time the Allens sold them the property, the parties were under a mutually mistaken belief that the Allens owned 100% of the mineral interests and that the "inserted reservation would accomplish a division of 100% of the mineral ownership interest to each party in equal shares." The complaint sought reformation of the deed such that it conveyed to Reynolds an undivided one-fourth of all of the mineral rights on and under the land. Alternatively, if the court did not reform the deed, the complaint sought application of the *Duhig* rule[1] and an award of all of the mineral interests to Reynolds. Reynolds's

---

[1]The *Duhig* rule provides that when an owner of a fractional mineral interest executes a warranty deed without limiting the interest in the minerals granted, the grant and reservation of mineral rights in the warranty deed cannot both be given effect, the reservation fails, and the risk of title is on the grantor. *See Duhig v. Peavy-Moore Lumber Co.*, 144 S.W.2d 878 (Tex. 1940) (as cited in *Sutton v. Sutton*, 2009 Ark. 109, 314 S.W.3d 272). The *Duhig* rule was adopted by our supreme court in *Peterson v. Simpson*, 286 Ark. 177, 690 S.W.2d 720 (1985).

complaint also sought monetary damages against certain oil-and-gas companies for the royalties Reynolds claimed should have been paid over the years.[2]

Reynolds subsequently moved for summary judgment. The Faulkner County Circuit Court entered an order granting Reynolds's motion. The court found that, under the *Duhig* rule, the one-half mineral interest under the property owned by the Allens was conveyed to Reynolds pursuant to the warranty deed. The court's order also contained a Rule 54(b) certificate that read as follows:

> With respect to the issues determined by the above judgment, the Court finds:
>
> 1. The Subject Deed is not ambiguous.
>
> 2. The Allens owned ½ of the minerals under the Subject Property at the time of the execution of the Subject Deed. One half of the minerals under the Subject Property was previously owned by other parties.
>
> 3. The Subject Deed contained the following language below the legal description: "Subject to all right of ways, covenants and restrictions, easement and all other reservations of record." Immediately thereafter in a different type font were the words "Sellers reserve ½ minerals."
>
> 4. Because the language in the Subject Deed is not ambiguous, the Court applies the rule of construction commonly referred to as the *Duhig* rule, as adopted in Arkansas in *Peterson v. Simpson*, 286 Ark. 177, 690 S.W.2d 720 (1985), and subsequent cases to the attempted reservation of ½ of the minerals by the Allens.
>
> 5. The Defendants, JEA Limited Partnership, successor in interest to the Allens, have failed to demonstrate that the *Duhig* rule does not apply to this case. More specifically, the attempted reservation of ½ of the minerals by the Allens does not specifically identify the quantum of the mineral interest being conveyed to the

---

[2]The complaint listed the following parties as defendants: JEA Limited Partnership; Chesapeake Exploration, LLC; Chesapeake Exploration Limited Partnership; Larchmont Resources, LLC; BHP Petroleum (Fayetteville), LLC; BP America Production Company; Armilda Woods; Oscar Gray and wife, Vernelle Gray, Individually and as Trustees of the Oscar and Vernelle Gray Revocable Trust; Petrohawk Properties, LP; and SEECO, Inc.

SLIP OPINION

Reynolds [sic]. Accordingly, the attempted reservation must give way to the grant contained in the Subject Deed.

6. The ½ minerals under the Subject Property owned by the Allens conveyed to the Reynolds [sic] pursuant to the Subject Deed.

Upon the basis of the foregoing factual findings, the Court hereby certifies, in accordance with Rule 54(b)(1), Ark. R. Civ. P., that it has determined that there is no reason for delay of the entry of a final judgment and that the Court has and does hereby direct that the judgment shall be final judgment for all purposes.

JEA filed a timely notice of appeal, and it urges on appeal that the circuit court erred in granting summary judgment where material issues of fact remain. Because the circuit court's order does not contain a valid Rule 54(b) certificate, however, we must dismiss the appeal without reaching the merits of JEA's arguments.

Our supreme court has said many times that the failure to comply with Rule 54(b) and to adjudicate all claims against all parties is jurisdictional and renders the matter not final for purposes of appeal. *See Seay v. C.A.R. Transp. Brokerage Co.*, 366 Ark. 527, 237 S.W.3d 48 (2006); *Coleman v. Regions Bank*, 364 Ark. 85, 216 S.W.3d 579 (2005); *Hodges v. Huckabee*, 333 Ark. 247, 968 S.W.2d 619 (1998); *Tucker v. Lake View Sch. Dist. No. 25*, 323 Ark. 693, 917 S.W.2d 530 (1996). Because a violation of Rule 54(b) relates to the subject-matter jurisdiction of this court, we must raise the issue on our own. *Jackson v. Sewell Oil Co.*, 2013 Ark. App. 347.

It has long been settled that the appellate courts will not decide the merits of an appeal when the order appealed from is not final. *Seay*, *supra*; Ark. R. App. P.–Civ. 2(a)(2). Nonetheless, under Rule 2(a)(11), an appeal may be taken from

4

an order . . . which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties in a case involving multiple claims, multiple parties, or both, if the circuit court has directed entry of a final judgment as to one or more but fewer than all of the claims or parties and has made an express determination, supported by specific factual findings, that there is no just reason for delay, and has executed the certificate required by Rule 54(b) of the Rules of Civil Procedure[.]

Absent a valid Rule 54(b) certificate, an order that fails to adjudicate all of the claims as to all of the parties, whether presented as claims, counterclaims, cross-claims, or third-party claims, is not final for purposes of appeal. *Jackson, supra.*

Rule 54(b) provides that a trial court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon its express direction for the entry of judgment. If the court makes such a determination, it must execute a certificate in compliance with the requirements of Rule 54(b). *Jackson, supra* (citing *Rutledge v. Christ Is The Answer Fellowship, Inc.*, 82 Ark. App. 221, 105 S.W.3d 816 (2003)).

The supreme court has held, moreover, that an order merely tracking the language in Rule 54(b) will not suffice; the order of certification must show facts to support the circuit judge's conclusions. *Carter v. Cline*, 2011 Ark. 474, 385 S.W.3d 745. That is, the court must *factually* set forth reasons in the final judgment or order, explaining why a hardship or injustice would result if an appeal is not permitted. *Franklin v. Osca, Inc.*, 308 Ark. 409, 825 S.W.2d 812 (1992) (emphasis in original); *see also Kowalski v. Rose Drugs of Dardanelle, Inc.*, 2009 Ark. 524, 357 S.W.3d 432. The rule is intended to permit review before the entire case is concluded, but only in those exceptional situations where a compelling, discernable hardship will be alleviated by an appeal at an intermediate stage. *Bank of Ark., N.A. v. First*

SLIP OPINION

*Union Nat'l Bank*, 342 Ark. 705, 30 S.W.3d 110 (2000). The fundamental policy behind Rule 54(b) is to avoid piecemeal appeals. *Id*. An appeal that fails to comply with Rule 54(b) or lacks a proper certification will be dismissed without prejudice, and the parties will be permitted to file at a later date. *Id*.

In the present case, the circuit court's order did not dispose of Reynolds's claims for monetary damages against the oil–and–gas–company defendants, thus necessitating a valid Rule 54(b) certificate. The certificate makes findings only as to the merits of Reynolds's summary–judgment motion. The court recited Rule 54(b)'s provision that "there is no just reason for delay of entry of a final order." The certificate merely tracks the language of the rule, however, and fails to set forth any facts to explain why a hardship or injustice would occur if an appeal were not permitted. The certificate therefore does not conform with the requirements of the rule and the relevant case law, and it is thus ineffective to certify the appeal. Accordingly, this court must dismiss the appeal without prejudice to refile at a later date. *See Jackson*, *supra*; *Po-Boy Land Co. v. Mullins*, 2010 Ark. App. 709.

Appeal dismissed without prejudice.

VAUGHT and HIXSON, JJ., agree.

*Gordon, Caruth & Virden, PLC*, by: *Ben Caruth* and *Jennie L. Denniston*, for appellant.

*Daily & Woods, PLLC*, by: *Robert R. Briggs*; and *Graddy & Adkisson, LLP*, by: *Larry E. Graddy*, for appellees.