SLIP OPINION

Cite as 2015 Ark. App. 216

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–14–863

| | |
|---|---|
| RENITA JOHNSON FENNELL and EARL EDWARD BURNLEY<br><br>　　　　　　　　　　APPELLANTS<br><br>V.<br><br><br>CITY OF PINE BLUFF and LARRY REYNOLDS<br><br>　　　　　　　　　　APPELLEES | **Opinion Delivered** APRIL 1, 2015<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT<br>[NO. CV 2011-438-2]<br><br>HONORABLE ROBERT H. WYATT, JR., JUDGE<br><br>APPEAL DISMISSED WITHOUT PREJUDICE |

## CLIFF HOOFMAN, Judge

Appellants Renita Johnson Fennell and Earl Edward Burnley appeal from a June 9, 2014 order filed by the Jefferson County Circuit Court and a denial of appellants' motion to vacate in favor of appellees City of Pine Bluff and Larry Reynolds, in both his individual and official capacities. On appeal, appellants contend that (1) the circuit court erred when it failed to provide a basis for its decision as required; (2) the circuit court erred by applying federal summary-judgment standards; (3) the circuit court erred in dismissing the whistleblower claims based on either the lack of an adverse act, retaliatory intent, and/or an affirmative defense that the city would have taken action against Fennell and Burnley regardless of their protected activity; (4) the circuit court erred in dismissing appellants' Arkansas Civil Rights Act free-speech claims on the grounds that there was no protected speech, adverse action, retaliatory intent or the same decision defense, and/or qualified immunity; (5) the circuit

court erred in dismissing appellants' overtime claims based on the statute of limitations when they clearly alleged a denial of overtime as recently as 2012, suit was filed in 2011, the Arkansas Minimum Wage Act has a three-year statute of limitations, and appellees have the burden of proving that appellants did not work when appellees failed to keep accurate records; and (6) the circuit court erred in dismissing Burnley's battery claim where Burnley testified that Reynolds came up to him immediately after he had reported Reynolds, challenged Burnley to fight, threatened him, and repeatedly bumped Burnley's chest without consent. Because the circuit court's order is not a final, appealable order as required by Arkansas Rule of Appellate Procedure–Civil 2 (2014) and Arkansas Rule of Civil Procedure 54(b) (2014), we dismiss the appeal without prejudice.

Fennell initially filed a complaint against the City of Pine Bluff on July 11, 2011. After subsequent amended complaints, Fennell and Burnley filed a fourth amended and supplemental complaint against the City of Pine Bluff, Reynolds, and Larry Blackwell, in his individual and official capacities, on August 27, 2013. Appellees filed an answer on September 16, 2013, and a motion for summary judgment on December 16, 2013. Appellants filed a response to the motion for summary judgment on January 28, 2014, and appellees filed a reply on February 13, 2014. After a hearing on May 2, 2014, the circuit court, listing only the appellants and appellees in the case caption, filed the following order on June 9, 2014:

> The Court has considered the Defendants' Motion for Summary Judgment that was filed after the Plaintiffs' Fourth Amended Complaint. The Court has considered the Response filed by Plaintiffs; and, Reply filed thereto by the Defendants, and finds that the Motion for Summary Judgment shall be granted in its entirety. Because the Motion for Summary Judgment is granted, the Plaintiffs' Fourth Amended Complaint is dismissed with prejudice.

This appeal followed.

While no party has raised this issue, whether an order is final for appeal purposes is a jurisdictional question that this court will raise sua sponte. *Hotfoot Logistics, LLC v. Shipping Point Marketing, Inc.*, 2012 Ark. 76. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken only from a final judgment or decree entered by the trial court. Under Rule 54(b) of the Arkansas Rules of Civil Procedure, an order that fails to adjudicate all the claims as to all the parties, whether presented as claims, counterclaims, cross-claims, or third-party claims, is not final for purposes of appeal. *Mancabelli v. Gies*, 2013 Ark. App. 685.

Here, the circuit court's order granted appellees' motion for summary judgment and dismissed the fourth amended complaint with prejudice. However, the circuit court in the caption listed only the City of Pine Bluff and Larry Reynolds, in his individual and official capacities. The record does not reflect that any action has been taken with regard to named defendant Blackwell, in either his individual or official capacity, nor can this court engage in speculation that the circuit court's order extends to all the original defendants in this case when it does not list all the defendants. *See McKinney v. Bishop*, 369 Ark. 191, 252 S.W.3d 123 (2007); *Downing v. Lawrence Hall Nursing Ctr.*, 368 Ark. 51, 243 S.W.3d 263 (2006). Although Rule 54(b)(5) states that any claim against a named but unserved defendant is dismissed by the circuit court's final judgment or decree, this rule does not resolve the issue where the record fails to demonstrate whether a defendant was served. *Hotfoot Logistics, LLC*, *supra*; *Mancabelli*, *supra*. Here, the record does not reveal whether Blackwell was served.

SLIP OPINION

Although Rule 54(b) provides a method by which the circuit court may direct entry of final judgment as to fewer than all the claims or parties, where there is no attempt to comply with Rule 54(b), the order is not final, and we must dismiss the appeal without prejudice. *Id*.

Finally, we address the need for rebriefing in the event the parties decide to pursue an appeal after obtaining a final order. Arkansas Supreme Court Rule 4-2(a)(5) (2014) requires all material information recorded in a transcript to be abstracted. Appellants failed to fully abstract the material information recorded in the transcript of the summary-judgment hearing. Rather than abstracting all of the arguments, responses, and rulings made at the hearing, appellants abstracted only the portion of the hearing containing their response to the arguments made by appellees as to why the circuit court should grant their motion for summary judgment. Additionally, Rule 4-2(a)(8)(A)(i) requires that if any pleading was amended, the final version and any earlier version incorporated therein shall be included in the addendum. The addendum here contains only the original complaint and the fourth amended complaint. However, the fourth amended complaint incorporates all previous complaints. Therefore, the second and third amended complaints are also required to be included in the addendum. The deficiencies we have noted are not to be taken as an exhaustive list, and we encourage counsel for the appellants to review our rules to ensure that no other deficiencies are present before filing a subsequent brief.

Appeal dismissed without prejudice.

GLADWIN, C.J., and GLOVER, J., agree.

*Sutter & Gillham, P.L.L.C.*, by: *Luther Oneal Sutter* and *Lucien Gillham*, for appellant.

*Sara Teague*, for appellees.