2009 Ark. 109

**Ronald SUTTON and Bonnie Sutton, Appellants,**

v.

**Lonnie SUTTON and Lorene Sutton, Appellees.**

No. 08–613.

Supreme Court of Arkansas.

March 5, 2009.

Walters & Gaston, by: Amanda R. Cox and Troy Gaston, Greenwood, for appellants.

Christian & Byars, by: Eddie N. Christian, Fort Smith, for appellees.

JIM HANNAH, Chief Justice.

Appellants Ronald and Bonnie Sutton appeal a decision of the Scott County Circuit Court finding that a reservation in a warranty deed was ineffective to retain their title to mineral rights. Appellants assert that the circuit court erred in failing to decide that, based on their subjective intent in drafting the deed, they retained fifty percent of the mineral rights in the property. We disagree and affirm. Our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(b)(4) and (5).

Appellants came to Arkansas from Wisconsin and purchased the property at issue from William and Etta White. In the 1987 deed from the Whites to appellants, the Whites reserved fifty percent of the mineral rights in the property. The deed was held in escrow with the Scott County Bank.

Appellants' son Lonnie, along with his wife Lorene, also moved to Arkansas about this same time. It appears that Lonnie and Lorene paid half the down payment on the property and each month contributed one-half the payment. However, their names were not included as grantees on the deed when it was drafted. Rather, two years after purchase of the property, and prior to recording the deed, they were added as grantees under the deed by interlineation. No evidence showed who made the alteration of the deed. However, it appears this alteration was made about the time a mortgage was issued on the property, and Lonnie and Lorene, along with appellants, were shown as owners of the property on that mortgage.

The validity of the 1987 deed was not an issue before the circuit court and is not argued on appeal; therefore, we do not address whether the deed is valid. The deed conveyed an individual one-half interest in the property to appellants and an individual one-half interest in the property to Lonnie and Lorene. The Whites retained an individual one-half interest in the mineral rights. Appellants received an individual twenty-five percent interest in the mineral rights, and Lonnie and Lorene received an individual twenty-five percent interest in the mineral rights.

Lonnie and Lorene later divorced, and in 1996, appellants conveyed a fifty percent interest in the surface rights by warranty to Lonnie and included the following paragraph regarding mineral rights:

SUBJECT, however, to a reservation by the seller of an undivided one-half interest in and to all of the oil, gas, coal and other minerals in and under the said property, together with the right to enter on the property for the purpose of exploration for or development of the same.

Lonnie subsequently conveyed his entire interest in the property to Lorene by quitclaim deed. The quitclaim deed also reserved fifty percent of the mineral rights. Lorene testified in the action to quiet title that she believed that her former in-laws owned twenty-five percent of the mineral rights. Appellants testified that they believed that they owned fifty percent of the mineral rights.

Appellants argue that the mineral-rights reservation language in the 1996 deed did no more than put Lonnie on notice that he was receiving no mineral rights, and that appellants retained all their mineral rights. They argue that the subjective intent of the parties was shown by the testimony before the circuit court. We decline to decide this case on subjective intent not manifested in the language of the warranty deed. We rejected this same argument in *Peterson v. Simpson*, 286 Ark. 177, 690

S.W.2d 720 (1985), where we adopted the *Duhig* rule. The *Duhig* rule provides that when an owner of a fractional mineral interest executes a warranty deed without limiting the interest in the minerals granted, the grant and reservation of mineral rights in the warranty deed cannot both be given effect, the reservation fails, and the risk of title is on the grantor.[1] *See Duhig v. Peavy–Moore Lumber Co.*, 135 Tex. 503, 144 S.W.2d 878 (1940).

In adopting the *Duhig* rule in *Peterson*, we set out the reason for rejecting the subjective-interest approach:

> Subsequent purchasers, or grantees, must be able to rely upon this interpretation or else, under these type of circumstances, every title would require a lawsuit in order to be alienable. Rejection of the *Duhig* Rule would mean sacrificing the degree of certainty and guidance that it can provide concerning marketability of mineral interests, and replacing it with an outbreak of lawsuits. This we are not willing to do.

*Peterson*, 286 Ark. at 181, 690 S.W.2d at 723.

We also discussed application of the *Duhig* rule:

> Therefore, the proper procedure to follow in cases which do not involve the original grantor and his immediate grantee, as here, is to arrive at the meaning of the deed according to rules of objective construction, which we now hold to include application of the *Duhig* rule. Subjective considerations are not appropriate in such cases. Accordingly, with respect to such reservations contained in warranty deeds, a subsequent grantee is to receive that percentage of mineral interest in the land not reserved

to the grantor, since the deed purports to deal with 100% of the minerals. If both the grant and reservation cannot thereby be given effect, the reservation must fail and the risk of title loss is on the grantor.

*Peterson*, 286 Ark. at 181, 690 S.W.2d at 723.

*Peterson* controls this case. We apply the rules of objective construction, including the *Duhig* rule. Because the deed purports to reserve fifty percent of the mineral rights and convey fifty percent of the mineral rights, the deed attempts to convey one-hundred percent of the mineral rights. However, appellants owned only twenty-five percent of the mineral rights, so both the grant and reservation cannot be given effect. Therefore, the reservation must fail, and the risk of title loss is on the grantor. Appellants, therefore, passed what mineral rights they had to Lonnie in the 1996 deed, and their twenty-five percent interest in the mineral rights became his. Lonnie then passed his entire interest to Lorene through the quitclaim deed. This included the twenty-five percent interest in mineral rights he received from appellants in the 1996 deed and any interest he had in the twenty-five percent that was passed to Lorene and him in the 1987 deed from the Whites. Thus, Lorene currently holds fifty percent of the mineral rights in the subject property.

Affirmed.

DANIELSON, J., not participating.

---

1. The appellants cite us to *Hill v. Gilliam*, 284 Ark. 383, 682 S.W.2d 737 (1985), for the proposition that subjective intent should prevail. *Hill* is not on point. In *Peterson v. Simpson*, 286 Ark. 177, 690 S.W.2d 720 (1985), we noted that the *Duhig* rule applies to construction of warranty deeds; in *Hill*, the deed at issue was a quitclaim deed.