Gary DAVIS and Corporate Insurance Services, Inc. *v.*
WAUSAU INSURANCE COMPANIES

93-593                                      867 S.W.2d 444

Supreme Court of Arkansas
Opinion delivered December 13, 1993

*Laser, Sharp, Wilson, Bufford, & Watts, P.A.*, by: *David M.*

*Donovan*, for appellants.

*Anderson & Kilpatrick*, by: *Joseph E. Kilpatrick, Jr.* and *Mariam T. Hopkins*, for appellee.

ROBERT L. BROWN, Justice. This case involves multiple parties and multiple issues. The appellants, Gary Davis and Corporate Insurance Services, Inc., appeal one facet of the litigation — a dismissal of their third-party complaint brought against the appellee, Wausau Insurance Companies — and urge that we resolve the issue of workers' compensation insurance before the balance of the litigation moves forward. We do not reach the merits of this appeal because the judgment of the trial court is not in compliance with Ark. R. Civ. P. 54(b).

Randall Taylor worked as a logging contractor from 1973 until 1991. What follows are the allegations in his complaint in this matter. In 1990, Taylor was advised to incorporate his business and to purchase workers' compensation insurance through T & K Wood Dealers, Inc. based on his business relationship with that company. Gary Davis, an agent with Corporate Insurance Services, advanced this approach. On June 30, 1991, T & K Wood Dealers told Taylor that he could no longer obtain workers' compensation coverage in such a manner. Gary Davis, however, informed him that the same coverage would continue at the same cost. On September 19, 1991, Taylor was seriously injured in a logging accident. He notified Davis and T & K Wood Dealers of his injury. The carrier, Wausau Insurance Companies, first paid benefits but then it terminated payments. On November 14, 1991, Wausau informed Taylor that no additional benefits would be forthcoming.

Taylor sued T & K Wood Dealers, Davis, and Corporate Insurance Services for fraud, tortious interference with a business interest, breach of implied covenant of good faith and fair dealing, and outrage and alleged that the defendants caused him to be uninsured. Davis and Corporate Insurance answered but also filed a third-party complaint against Wausau, alleging 1) Wausau was obligated to pay the benefits, and 2) Wausau was liable to Davis and Corporate Services for indemnity and contribution.

Wausau moved to dismiss the third-party complaint under Ark. R. Civ. P. 12(b), and the motion was granted. Davis and

Corporate Insurance Services determined to appeal the dismissal and filed a Motion for Interlocutory Appeal which was stated to be pursuant to Ark. R. Civ. P. 54(b). The trial court entered judgment granting the motion. The court stated that the judgment against Davis and Corporate Insurance Services was final and directed entry of that judgment. It further included a statement that "there is no just reason for delay" regarding the appeal. No supporting factual findings, as required by Rule 54(b), accompanied the trial court's certification.

Ordinarily, an order granting a motion to dismiss to one party to a lawsuit, which involves multiple parties and multiple claims, is not an appealable order. *Arkansas Dep't of Human Serv.* v. *Farris*, 309 Ark. 575, 832 S.W.2d 482 (1992); *Sherman* v. *G & H Transportation, Inc.*, 287 Ark. 25, 695 S.W.2d 832 (1985). An appeal from such an order, however, is permissible under Rule 54(b) when the trial court directs the entry of a final judgment as to one or more of the claims or parties and makes express findings that there is no just reason to delay the appeal. *Wallner* v. *McDonald*, 308 Ark. 590, 825 S.W.2d 265 (1992). In order to determine that there is no just reason for delay, the trial court must find that a likelihood of hardship or injustice will occur unless there is an immediate appeal and must set forth facts to support its conclusion. *Barr* v. *Richardson*, 314 Ark. 294, 862 S.W.2d 253 (1993); *Wallner* v. *McDonald, supra; Franklin* v. *OSCA, Inc.*, 308 Ark. 409, 825 S.W.2d 812 (1992). That factual underpinnings supporting a Rule 54(b) certification may exist in the record is not enough. They must be set out in the trial court's order. *Franklin* v. *OSCA, Inc., supra.*

In the case before us, the judgment granting the motion for interlocutory appeal does not include specific findings of any danger of hardship or injustice which could be alleviated by an immediate appeal. Nor does the judgment detail facts which establish that such a hardship or injustice is likely. Due to this noncompliance with Rule 54(b), we dismiss this appeal without prejudice to refile it at a later date.

We observe, in addition, where Davis and Corporate Insurance Services styled this as an interlocutory appeal. Our rules do provide for certain interlocutory appeals defined as those "permitted by statute or by the Arkansas Rules of Appellate Proce-

dure, the Arkansas Rules of Civil Procedure, or the Arkansas Rules of Criminal Procedure." Ark. Sup. Ct. R. 1-2(a)(12). A Rule 54(b) certification does not fall within any of those categories. Hence, an independent basis for jurisdiction in this court under our supreme court rule is lacking.

Appeal dismissed.

GLAZE, J., not participating.