Ann STOUFFER *v.* KRALICEK REALTY COMPANY

CA 02-621                                      98 S.W.3d 475

Court of Appeals of Arkansas
Division I
Opinion delivered February 26, 2003

*Bagby Law Firm, P.A.*, by: *Philip A. Bagby*, for appellant.

*Walters, Hamby & Verkamp*, by: *Michael Hamby*, for appellee.

ROBERT J. GLADWIN, Judge. Appellant, Ann Stouffer, purchased a home from Francis Brody in 2000. The listing agent was appellee, Kralicek Realty Company. After her purchase, appellant discovered problems with the foundation of the home, and she subsequently sued Brody and Kralicek for fraud in falsely representing the condition of the house. Kralicek filed a motion for summary judgment, which was granted by the trial court. Appellant now appeals that ruling. For the reasons explained hereafter, we dismiss the appeal.

Although the trial court granted summary judgment to Kralicek, it did not resolve or otherwise dispose of appellant's claim against Brody. When a trial court fails to dispose of all claims against all parties, the court has not entered a final, appealable order. Ark. R. Civ. P. 54(b)(1). Recognizing this, appellant obtained a Rule 54(b) certificate, which allows a trial court to certify what would ordinarily be a nonappealable order. However, we conclude that the certificate executed by the trial court in this case is insufficient to accomplish its intended purpose.

Rule 54(b) provides that, when multiple parties are involved in a case, the trial court may direct the entry of final judgment as to one of the parties "only upon an express determination, *supported by specific factual findings*, that there is no just reason for delay and upon an express direction for the entry of

judgment." If the court makes such a determination, it must execute a certificate "which shall appear immediately after the court's signature on the judgment, *and which shall set forth the factual findings* upon which the determination to enter the judgment as final is based." Ark. R. Civ. P. 54(b)(1) (2002) (emphasis added). The rule contains the following form for the certificate:

### Rule 54(b) Certificate

With respect to the issues determined by the above judgment, the court finds:

[ *Set forth specific factual findings*]

Upon the basis of the foregoing factual findings, the court hereby certifies, in accordance with Rule 54(b)(1), Ark. R. Civ. P., that it has determined that there is no just reason for delay of the entry of a final judgment and that the court has and does hereby direct that the judgment shall be a final judgment for all purposes.

Certified this _____ day of _____, _____.

_____
Judge

(Emphasis added.) In the absence of the above certificate, an order adjudicating claims against fewer than all the parties does not terminate the action. *See* Ark. R. Civ. P. 54(b)(2).

The Rule 54(b) certificate in this case reads as follows:

On March 12, 2002, this Court entered its Order granting Summary Judgment in favor of separate Defendant Kralicek Realty Company, Inc. That Order contained specific factual findings which the Court made and upon which the Court based its decision. Those findings are specifically incorporated here by reference as if set out herein word-for-word.

Upon the basis of the factual findings in the March 12, 2002 Order, the Court hereby certifies, in accordance with Rule 54(b)(1), Ark. R. Civ. P., that it has determined that there is no just reason for delay of the entry of a final judgment and that the Court has and does hereby direct that the judgment shall be a final judgment for all purposes.

The certificate does not appear after the court's signature on the judgment, as required by the rule, but is contained in a sepa-

rate document. However, the more important flaw is the lack of a specific factual finding as to why an appeal should proceed at this point. The certificate contains no findings or statements as to the trial court's reason for entry of a final order, although it does refer to the specific factual findings in the court's prior order. However, those findings pertain to the merits of the summary judgment, not to the reasons for the entry of a final judgment.

■ Because the Rule 54(b) certificate executed in this case does not contain specific factual findings upon which the decision to enter a final judgment was based, it does not conform to the requirements of the rule and is therefore ineffective to certify the appeal. Accordingly, we dismiss the appeal without prejudice to re-file upon entry of an order that complies with Rule 54(b).

Appeal dismissed.

PITTMAN, J., agrees.

HART, J., concurs.