Norma RUTLEDGE *v.*
CHRIST IS THE ANSWER FELLOWSHIP, INC.

CA 02-1249                                         105 S.W.3d 816

Court of Appeals of Arkansas
Division I
Opinion delivered May 21, 2003

*Melvin E. Petty*, for appellant.

*J. Slocum Pickell*, for appellee.

ROBERT J. GLADWIN, Judge. This is an appeal from the August 19, 2002, order of the Jefferson County Circuit Court that found appellee owed to appellant $45,645.64 on its note and mortgage. We must dismiss this appeal because not all of the claims against all of the parties have been resolved, and there has been no proper certification pursuant to Ark. R. Civ. P. 54(b) (2003) that would render the order herein final and appealable.

When multiple parties are involved, Ark. R. Civ. P. 54(b) provides that a trial court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon its express direction for the entry of judgment. If the court makes such a determination, it must execute a certificate in compliance with the requirements of Rule 54(b). *See Stouffer v. Kralicek Realty Co.*, 81 Ark. App. 89, 98 S.W.3d 475.

In *Fisher v. Citizens Bank of Lavaca*, 307 Ark. 258, 819 S.W.2d 8 (1991), our supreme court noted that Rule 54(b) is intended to permit review before the entire case is concluded, but only in those *exceptional* situations where a compelling, discernible hardship will be alleviated by an appeal at an intermediate stage. In *Davis v. Wausau Ins. Co.*, 315 Ark. 330, 867 S.W.2d 444 (1993), the supreme court emphasized that the trial court must make an express determination that there is no reason to delay an appeal, stating that the court must *factually* set forth reasons in the final judgment, order, or the record, which can then be abstracted, explaining why a hardship or injustice would result if an appeal is not permitted. The *Davis* court specifically gave notice that under the terms of Rule 54(b), the final judgment, order, or record must contain specific facts supporting the trial court's determination that there is some danger of hardship or injustice that would be alleviated by an immediate appeal.

In the case before us, the judgment does not include specific findings of any likely danger of hardship or injustice that could be alleviated by an immediate appeal. The Rule 54(b) certificate attached to the order of the trial court makes one factual statement: "That Norma Rutledge is owed a total of $45,645.64

on the note executed by the Plaintiff in 1993." The court then recites the language of Rule 54(b) that "there is no just reason for delay of the entry of a final judgment . . . ." In *Fisher, supra,* the court stated that merely tracking the language of Rule 54(b) will not suffice. In order to determine that there is no just reason for delay, the trial court must find that a likelihood of hardship or injustice will occur unless there is an immediate appeal and must set forth facts to support its conclusion. *Davis, supra.* That factual underpinnings supporting a Rule 54(b) certification may exist in the record is not enough; they must be set out in the trial court's order. *Id.*

The failure to comply with Rule 54(b) presents a jurisdictional issue that we will raise on our own. *Barr v. Richardson,* 314 Ark. 294, 862 S.W.2d 253 (1993). Because the Rule 54(b) certificate executed in this case does not conform to the requirements of the rule and the relevant case law, it is ineffective to certify the appeal. Accordingly, we dismiss the appeal without prejudice to refile upon entry of an order that complies with Rule 54(b).

Dismissed.

ROBBINS and NEAL, JJ., agree.