Gloria FOLLETT, as Trustee of the Gloria Follett Revocable Trust UDT 11/92 *v.* Joseph FITZSIMMONS and Patricia Fitzsimmons

CA 06-1409                                    268 S.W.3d 902

Court of Appeals of Arkansas
Opinion delivered November 28, 2007

*Gerald K. Crow,* for appellant.

*Susan K. Lourne,* for appellees.

JOHN MAUZY PITTMAN, Chief Judge. This case involves a dispute over a small wedge of property between appellant's residence and appellees' bed and breakfast inn. Appellant claimed title to the disputed property based on adverse possession. Appellees bought this property from the First Methodist Church and, after this action was filed against them, filed a third-party indemnity action joining the First Methodist Church in the litigation. The trial court entered a "directed verdict" in favor of appellees and dismissed appellant's cause of action for adverse possession, but did not dismiss or otherwise resolve appellees' third-party action against the First Methodist Church. Because the third-party action has not been resolved and the trial court's Ark. R. Civ. P. 54(b) certification is deficient, the order is not final, and we must dismiss the appeal.

Rule 54(b) of the Arkansas Rules of Civil Procedure provides, in pertinent part:

> (1) *Certification of Final Judgment.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment. In the event the court so finds, it shall execute the following certificate, which shall appear immediately after the court's signature on the judgment, and which shall set forth the factual findings upon which the determination to enter the judgment as final is based:

> Rule 54(b) Certificate

> With respect to the issues determined by the above judgment, the court finds:

[Set forth specific factual findings.]

Upon the basis of the foregoing factual findings, the court hereby certifies, in accordance with Rule 54(b)(1), Ark. R. Civ. P., that it has determined that there is no just reason for delay of the entry of a final judgment and that the court has and does hereby direct that the judgment shall be a final judgment for all purposes.

Certified this ____ day of _____, _____.

_____<br>Judge

(2) *Lack of Certification.* Absent the executed certificate required by paragraph (1) of this subdivision, any judgment, order, or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the judgment, order, or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all of the parties.

■ Here, the Rule 54(b) certification merely states the conclusion that "there is no just reason for delay of the entry of a final judgment" based upon the finding that appellees were entitled to a directed verdict. This is not specific enough. The supreme court has explained:

Ordinarily, an order granting a motion to dismiss to one party to a lawsuit, which involves multiple parties and multiple claims, is not an appealable order. *Arkansas Dep't of Human Serv. v. Farris,* 309 Ark. 575, 832 S.W.2d 482 (1992); *Sherman v. G & H Transportation, Inc.,* 287 Ark. 25, 695 S.W.2d 832 (1985). An appeal from such an order, however, is permissible under Rule 54(b) when the trial court directs the entry of a final judgment as to one or more of the claims or parties and makes express findings that there is no just reason to delay the appeal. *Wallner v. McDonald,* 308 Ark. 590, 825 S.W.2d 265 (1992). In order to determine that there is no just reason for delay, the trial court must find that a likelihood of hardship or injustice will occur unless there is an immediate appeal and must set forth facts to support its conclusion. *Barr v. Richardson,* 314 Ark. 294, 862 S.W.2d 253 (1993); *Wallner v. McDonald, supra; Franklin v. OSCA, Inc.,* 308 Ark. 409, 825 S.W.2d 812 (1992). That factual

underpinnings supporting a Rule 54(b) certification may exist in the record is not enough. They must be set out in the trial court's order. *Franklin v. OSCA, Inc., supra.*

*Davis v. Wausau Insurance Co.*, 315 Ark. 330, 332, 867 S.W.2d 444, 445–46 (1993).

■  Here, the trial court had resolved all of the issues necessary to dismiss the third-party complaint against the First Methodist Church based on warranty of title and duty to defend, but failed to do so in its order, and also failed to find any facts that would justify permitting an appeal before entry of judgment on the third-party complaint. Consequently, we dismiss the appeal without prejudice to refile at a later date. *Bank of Arkansas v. First Union National Bank*, 342 Ark. 705, 30 S.W.3d 110 (2000).

Appeal dismissed.

GRIFFEN and MARSHALL, JJ., agree.