

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-13-377

|  |  |
|---|---|
| GARY LARUE<br>APPELLANT | **Opinion Delivered** February 12, 2014 |
| V. | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CIV 2011-1898-4] |
| GROUND ZERO CONSTRUCTION, INC.<br>APPELLEE/CROSS-APPELLANT | HONORABLE JOHN R. SCOTT JUDGE |
| AND | APPEAL DISMISSED and CROSS-APPEAL DISMISSED |
| FORSGREN, INC.<br>APPELLEE/CROSS-APPELLEE | |

---

## ROBIN F. WYNNE, Judge

In this dispute over rock and other waste material from a road–construction project, Gary LaRue appeals from a judgment of the Benton County Circuit Court ordering him to pay appellee Ground Zero Construction, Inc., $89,600 for tortious interference of a contract between Ground Zero and appellee Forsgren, Inc. In turn, Ground Zero had been ordered to pay that same sum to Forsgren for breach of a contract between those parties. We must dismiss the appeal and cross–appeal without prejudice for lack of a final order.

Forsgren was the general contractor on an Oklahoma road project. On January 8, 2010, Forsgren entered into a contract with LaRue to use LaRue's nearby Oklahoma

property as a staging area for the project.[1] Forsgren later sold some of the materials to Ground Zero for $112,000. The Forsgren-Ground Zero agreement provided that the material was sold "as is." This agreement was made without LaRue's knowledge or consent to access his property. LaRue denied Ground Zero entry onto his property and fenced off the rock to prevent its removal. LaRue continued, however, to allow Forsgren entry on his property. Without access to the rock and other material, Ground Zero refused to make its payments to Forsgren.

Forsgren then sued Ground Zero. In its second amended complaint, Forsgren alleged that Ground Zero never made the remaining payment under the parties' agreement and that it was owed $89,600. Forsgren also sought prejudgment interest and attorney's fees. Ground Zero filed an answer and counterclaim in which it alleged it purchased rock from Forsgren but was not able to obtain it and, therefore, Forsgren was unjustly enriched by $22,400.

Ground Zero also filed a third-party complaint against LaRue, claiming Forsgren's agreement with LaRue was void for lack of consideration because Forsgren did not own the waste material it promised to give LaRue, and that LaRue tortiously interfered with Ground Zero's agreement with Forsgren and was liable for punitive and compensatory damages. Ground Zero also sought injunctive relief in the form of an order permitting it entry onto

---

[1]After identification of the project and LaRue's address, the agreement provided, in its entirety, as follows:

> I hereby grant permission to Forsgren, Inc. the use of my property located at State Line Rd. (50) I understand that waste materials, dirt from the above named project will be permanently disposed of on the site.

LaRue's property to remove the remaining waste material.

LaRue answered that he was owner of the rock because of his agreement with Forsgren and counterclaimed against Ground Zero for the fair-market value of the rock Ground Zero had removed from his property.

The case proceeded to a bench trial. The circuit court ruled from the bench and found that the agreement between Forsgren and LaRue was clear and meant that whatever waste material was left at the completion of Forsgren's project would remain on LaRue's property. The court noted that this interpretation was consistent with testimony by Forsgren's representative, as well as from LaRue. Turning to the contract between Forsgren and Ground Zero, Forsgren was awarded judgment against Ground Zero in the sum of $89,600. The court further found that Forsgren did not breach its contract with Ground Zero and, accordingly, dismissed Ground Zero's counterclaim.

As to Ground Zero's third-party claim against LaRue, the court found Ground Zero had a valid contract with Forsgren, that LaRue was aware of the contract, and that he disrupted the contract by erecting the fence to prevent Ground Zero from removing the rock and other material. Therefore, the court awarded Ground Zero judgment against LaRue in the sum of $89,600. A judgment consistent with the court's bench ruling was entered on January 16, 2013.[2]

Forsgren filed a motion seeking prejudgment interest, attorney's fees, and costs. The

---

[2]The judgment also denied LaRue's motion for partial summary judgment whereby he argued that the court lacked jurisdiction to order him to allow Ground Zero entry onto his property.

motion sought prejudgment interest of $7,929.52; attorney's fees of $10,572.50; and costs of $1,106.40. LaRue filed his objections to the motion, asserting that some of the items sought were not authorized costs. Ground Zero responded to Forsgren's motion. It also filed a separate motion requesting that, even if Forsgren's motion was denied, it should receive prejudgment interest and attorney's fees from LaRue.

On February 13, 2013, the court entered an amended judgment identical to the original judgment, but containing a Rule 54(b) certification. The certificate states that its purpose is to allow the appeal to proceed while the court addresses the posttrial motions for interest, fees, and costs.

An order entered on March 1, 2013, awarded Forsgren prejudgment interest of $7,929; $315 in costs; and $10,572 in attorney's fees against Ground Zero.

On March 5, 2013, the court awarded Ground Zero judgment for contribution, indemnity, and reimbursement against LaRue for the same prejudgment interest and attorney's fees it awarded Forsgren. LaRue filed notices of appeal from the court's judgment, amended judgment, and indemnification order. In each of his notices of appeal, LaRue abandoned any pending or unresolved claims. Ground Zero filed a cross-appeal from the amended judgment.

The question of whether an order is final and appealable is jurisdictional, and we are obligated to consider the issue on our own even if the parties do not raise it. *See Advanced Envtl. Recycling Techs., Inc. v. Advanced Control Solutions, Inc.*, 372 Ark. 286, 275 S.W.3d 162 (2008). Pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(1) (2012), a party may

4

appeal from a final judgment or final decree of the circuit court. Absent a certificate from the circuit court directing that the judgment is final, any judgment, order, or other form of decision, however designated, which adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties. Ark. R. Civ. P. 54(b)(2) (2013). When a lawsuit contains more than one claim for relief, a judgment that adjudicates fewer than all of the claims is neither final nor appealable. *Forever Green Athletic Fields, Inc. v. Lasiter Constr., Inc.*, 2010 Ark. App. 483 (per curiam). The requirement that an order must be final and appealable is observed to avoid piecemeal litigation. *Wright v. Viele*, 2012 Ark. App. 459.

The finality problem arises because of the lack of clarity in the circuit court's order. In disposing of Ground Zero's counterclaim against Forsgren, the circuit court stated as follows:

> 5. The Plaintiff, Forsgren, Inc., should be awarded judgment against the corporate Defendant, Ground Zero Construction, Inc., in the amount of [$89,600.00]. As the Plaintiff did not breach the contract with the Defendant, the Defendant's counterclaim against the Plaintiff is dismissed.

In the context of the counterclaim, which asserted causes of action for breach of contract, fraud, and unjust enrichment, we believe that this language only disposed of the cause of action for breach of contract. Although strict formality in language is not necessary, a judgment must specify clearly the relief granted or other determination of the action. *McWhorter v. McWhorter*, 2009 Ark. 458, 344 S.W.3d 64; *Thomas v. McElroy*, 243 Ark. 465, 420 S.W.2d 530 (1967). Likewise, the judgment did not specifically dispose of Ground Zero's claims in its third-party complaint against LaRue for misrepresentation and injunctive

SLIP OPINION

relief.

Arkansas Rule of Civil Procedure 54(b) provides that, when multiple claims or parties are involved in a case, the circuit court may direct the entry of a final judgment as to fewer than all the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment. Ark. R. Civ. P. 54(b)(1). In the event the court so finds, it shall execute a Rule 54(b) certificate that sets forth the factual findings upon which the determination to enter final judgment is based. *See id*. Absent the executed certificate, an order that adjudicates the rights and liabilities of fewer than all the parties is not a final, appealable order. *See* Ark. R. Civ. P. 54(b)(2). The order appealed from in this case contains a Rule 54(b) certificate.

Rule 54(b) is intended to permit review before the entire case is concluded, but only in those *exceptional* situations where a compelling discernible hardship will be alleviated by an appeal at an intermediate stage. *Rutledge v. Christ is the Answer Fellowship, Inc.*, 82 Ark. App. 221, 105 S.W.3d 816 (2003). The Rule 54(b) certification in this case, however, was defective because it failed to state any factual reason to support the conclusion that there was no just cause to delay entry of a final judgment. The certification merely noted that Forsgren had filed a motion requesting prejudgment interest, costs, and attorney's fees and that Ground Zero had filed a response and a motion for judgment over against LaRue for indemnity for any and all such amount that the court may assess against Ground Zero. The court then found that resolution of these issues should not delay any appeal and whatever the court's decision concerning those postjudgment issues, it would not affect or cause the court

to revisit or otherwise change the findings and decision on the merits.[3] The facts recited in the certification do nothing whatsoever to show that undue hardship would likely result if an interlocutory appeal were not allowed, which is what Rule 54(b) requires. *See Follett v. Fitzsimmons*, 100 Ark. App. 347, 268 S.W.3d 902 (2007); *Rutledge, supra*; *Stouffer v. Kralicek Realty Co.*, 81 Ark. App. 89, 98 S.W.3d 475 (2003). Accordingly, we must dismiss the appeal for lack of finality. The dismissal is without prejudice to refile at a later date. *Follett, supra.*

We also note that this problem could have been avoided had Ground Zero's notice of cross-appeal been in compliance with Arkansas Rule of Appellate Procedure–Civil 3. In 2010, the supreme court issued an amendment to Rule 3 to require a new statement in every notice of appeal and notice of cross-appeal from a final order or judgment. *See In re: Arkansas Rules of the Supreme Court and Court of Appeals; Rules of Appellate Procedure–Civil; and Rules of Civil Procedure*, 2010 Ark. 288 (per curiam). The amended rule provides that a notice of appeal or cross-appeal shall

> state that the appealing party abandons any pending but unresolved claim. This abandonment shall operate as a dismissal with prejudice effective on the date that the otherwise final order or judgment appealed from was entered.

Ark. R. App. P.–Civ. 3(e)(vi). In its notice of cross-appeal, Ground Zero specifically said that such a statement was not necessary because it was appealing from a judgment containing a Rule 54(b) certification. However, we have found that the certification was ineffective.

---

[3]It is of no consequence that the matter of attorney's fees is ordinarily viewed by this court as a collateral issue. Without a final order, no appeal may be entertained, even on a collateral issue such as attorney's fees. *Dodge v. Lee*, 350 Ark. 480, 486–87, 88 S.W.3d 843, 847 (2002).

SLIP OPINION



Therefore, compliance with Rule 3(e) was necessary.

Appeal and cross-appeal dismissed without prejudice.

HARRISON and GLOVER, JJ., agree.

*Hirsch Law Firm, P.A.*, by: *E. Kent Hirsch*, for appellant.

*Robertson, Beasley & Ford, PLLC*, by: *Mark E. Ford*; and *Lisle Rutledge P.A.*, by: *Donnie Rutledge*, for appellees.