2015 Ark. App. 267

**Raymond EDWARDS and Patricia Edwards, Appellants**

v.

**ARKANSAS DEPARTMENT OF HUMAN SERVICES, Appellee**

**No. CV–14–939**

Court of Appeals of Arkansas, DIVISION I.

Opinion Delivered April 22, 2015

James Hensley, Jr., Conway, for appellant Raymond Edwards.

Tabitha Baertels McNulty, Office of Policy and Legal Services, for appellee.

Chrestman Group, PLLC, by: Keith Chrestman, attorney ad litem for minor child.

CLIFF HOOFMAN, Judge

Appellants Raymond and Patricia Edwards appeal from the circuit court's denial of their motion for custody of their granddaughter, M.A.E., who had been adjudicated dependent-neglected and placed in the custody of appellee, the Arkansas

Department of Human Services (DHS). On appeal, appellants argue (1) that their appeal was timely pursuant to Rule 2(c) of the Arkansas Rules of Appellate Procedure—Civil [1] and (2) that there was insufficient evidence that the order denying them custody of M.A.E. was in her best interest. Because the circuit court's order did not comply with Arkansas Rule of Civil Procedure 54(b), we dismiss the appeal without prejudice for lack of a final, appealable order.

M.A.E. (12/26/07), along with her two brothers, A.E. (2/27/04) and M.E. (11/18/05), were removed from the custody of their parents, Trish Edwards and Bruce Allen, in March 2011 due to environmental neglect. The children were adjudicated dependent-neglected on May 3, 2011, and the case goal was set as reunification with the parents. Appellants, the children's maternal grandparents, filed a motion to intervene in the case, which was granted on July 6, 2011.

Appellants filed a motion for custody of all three children on May 9, 2012, arguing that the children were currently placed in separate foster homes and that it was in their best interest to be placed together in appellants' custody. A petition to terminate parental rights was filed on November 13, 2012. A.E. and M.E. were temporarily placed with appellants on June 20, 2013, while M.A.E. remained in the same foster home where she had initially been placed. However, the siblings participated in court-ordered supervised visitation with each other once per week. After a hearing held on November 4, 2013, the circuit court granted permanent custody of A.E. and M.E. to appellants but reserved ruling as to the placement of M.A.E., finding that it

1. Appellees, DHS and the attorney ad litem on behalf of the minor children, filed a joint motion to dismiss the appeal on January 7, 2015. We denied the motion on January 28, 2015.

was in her best interest at that time to remain in foster care and continue in the custody of DHS.

A second hearing on appellants' motion for custody of M.A.E. was held on April 30, 2014. DHS and the attorney ad litem recommended that appellants' motion for custody be denied based on evidence that M.A.E. had been adversely impacted by visits with her brothers and that she did not wish to live with appellants. Appellants, however, testified that it was in M.A.E.'s best interest to live with them and claimed that DHS, the attorney ad litem, and M.A.E.'s foster parents had engaged in systematic efforts to sever the child's relationship with her biological family so that she could be adopted by her foster parents. After hearing all the evidence, the circuit court found that, while appellants were good people that loved and cared for M.A.E. deeply, it was not in the child's best interest, nor was it best for her health, welfare, and safety, to be placed in appellants' custody. The court noted that it based this decision on M.A.E.'s testimony, as well as the testimony of the other witnesses. The court ordered that sibling visitation cease immediately, as it was not in the children's best interests, and that M.A.E. was to remain in her current foster home.

In the written order entered on July 31, 2014, the circuit court stated that appellants were dismissed from the case and that this was a final hearing on their motion for custody of M.A.E., with a termination hearing date to be set.[2] By agreement of the parties, the court also included an Arkansas Rule of Civil Procedure 54(b) certificate indicating that there was no just

reason for delay and that the judgment was final. Appellants filed a notice of appeal from this order on August 26, 2014, and an amended notice of appeal was filed on August 27, 2014.

Appellants first argue on appeal that their notice of appeal from the July 31, 2014 order was timely, even though it was not filed within the shortened twenty-one-day time period required for notices of appeal in dependency-neglect cases under Arkansas Supreme Court Rule 6–9 (2014). They assert that this appeal was not from one of the orders specifically listed in Rule 6–9 and that it was therefore governed by Arkansas Rules of Appellate Procedure—Civil 2(c) and 4(a) (2014). We do not address this issue, however, nor do we reach the merits of appellants' second argument on appeal concerning whether the denial of their motion for custody was in M.A.E.'s best interest, as we hold that the appeal must be dismissed for lack of a final, appealable order.

The issue of whether an order is final is a jurisdictional matter, and it is one that this court must consider even if the parties do not raise it. *May Constr. Co. v. Town Creek Constr. & Dev.*, 2010 Ark. App. 711, 2010 WL 4254455; *Foreman v. Ark. Dep't of Human Servs.*, 78 Ark. App. 48, 82 S.W.3d 176 (2002). An order or judgment is not considered final if it does not adjudicate all of the claims or all of the rights and liabilities of all parties in a case. Ark. R. Civ. P. 54(b) (2014); Ark. R.App. P.-Civ. 2(a)(11) (2014). Where multiple parties or claims are involved, a trial court may direct the entry of final judgment as to one or more but fewer than all of the

---

2. In their addendum, appellants have also included the circuit court's subsequent August 28, 2014 order granting the petition to terminate parental rights with respect to M.A.E. However, appellants did not amend their notice of appeal to designate that they were

appealing from the order of termination. Thus, we cannot consider this order in our decision. *See Hall v. Ark. Dep't of Human Servs.*, 101 Ark. App. 417, 278 S.W.3d 609 (2008).

claims or parties only upon an express determination, supported by factual findings, that there is no just reason for delay and upon its express direction for the entry of final judgment. Ark. R. Civ. P. 54(b)(1). If the court makes such a determination, it must execute a certificate in compliance with the requirements of Rule 54(b). *Stouffer v. Kralicek Realty Co.*, 81 Ark. App. 89, 98 S.W.3d 475 (2003).

Here, as appellants themselves agree, the denial of their motion for custody was not one of the orders specifically listed as a final, appealable order in Arkansas Supreme Court Rule 6-9(a) or Arkansas Rule of Appellate Procedure—Civil 2(c). In addition, it was not a final order awarding custody that is immediately appealable pursuant to Arkansas Rule of Appellate Procedure—Civil 2(d), as it instead maintained M.A.E.'s placement in the foster home pending a subsequent termination hearing. Because the dependency-neglect case involving M.A.E. continued, not all of the claims or rights of all of the parties had been adjudicated at the time of the July 31 order. Recognizing that this order was not a final, appealable order, appellants requested that the circuit court execute a Rule 54(b) certificate.

While the circuit court did include a Rule 54(b) certificate in its July 31 order, we conclude that it was not in compliance with the requirements of the Rule. We have stated that the trial court must include specific factual findings in its order explaining why a hardship or injustice would result if an immediate appeal is not permitted. *Kowalski v. Rose Drugs of Dardanelle, Inc.*, 2009 Ark. 524, 357 S.W.3d 432; *Stouffer, supra.* The Rule 54(b) certificate in this case states as follows:

> Upon the basis of the foregoing factual findings, the court hereby certifies, in accordance with Rule 54(b)(1), Ark. R. Civ. P., that it has determined that there

is no just reason for delay of the entry of a final judgment and that the court has and does hereby direct that the judgment shall be a final judgment for all purposes.

The court does refer to the factual findings contained in its prior order; however, these findings state only that appellants are dismissed from the case and that the hearing was a final hearing as to their motion for custody. The order does not include specific findings or facts establishing that a hardship or injustice is likely to occur in the absence of an immediate appeal. *Kowalski, supra.* Further, while the parties did discuss the need for a Rule 54(b) certification at the conclusion of the hearing, such discussions on the record alone are insufficient to cure a defective certification, as the factual findings must be set out in the circuit court's order. *Id.* Thus, the Rule 54(b) certificate in this case is ineffective to certify the appeal as final, and we therefore dismiss the appeal without prejudice.

Appeal dismissed without prejudice.

Vaught and Brown, JJ., agree.