

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-14-1005

| | |
|---|---|
| JOHN F. DUNN AND WENDY M. DUNN<br><br>APPELLANTS<br><br>V.<br><br>AMERICAN MORTGAGE ASSOCIATES, INC.; CITIMORTGAGE, INC.; AND WILSON AND ASSOCIATES, PLLC<br><br>APPELLEES | **Opinion Delivered** June 3, 2015<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION [NO. CV-2010-310]<br><br>HONORABLE MACKIE M. PIERCE, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

**RAYMOND R. ABRAMSON, Judge**

Appellants John F. Dunn and Wendy M. Dunn appeal the granting of the motions for summary judgment by the Pulaski County Circuit Court in favor of appellees. On September 1, 2014, the Dunns filed a notice of appeal of the circuit court's November 13, 2013 and August 6, 2014 orders. For the reasons explained hereafter, we dismiss the appeal.

On January 19, 2010, the Dunns filed a complaint for declaratory judgment and a request for a temporary restraining order (TRO) and injunctive relief against appellees American Mortgage Associates, Inc. (American Mortgage), CitiMortgage, Inc. (CitiMortgage), and Wilson & Associates, PLLC (Wilson & Associates) in the Pulaski County Circuit Court. The Dunns sought to enjoin the appellees from proceeding with the sale of their primary residence under Arkansas's nonjudicial foreclosure statute. The same day the

complaint was filed, the circuit court entered a TRO enjoining the sale of the property and ordering that the matter be set for a hearing.

On March 3, 2010, appellees CitiMortgage and Wilson & Associates filed a motion for summary judgment. The Dunns responded on March 24, 2010. The circuit court held a hearing on the motion for summary judgment on April 29, 2010. At the end of the hearing, the trial court orally granted the motion for summary judgment. On May 3, 2010, John Dunn filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Arkansas. On June 8, 2010, the circuit court entered an order granting summary judgment in favor of separate defendant CitiMortgage. CitiMortgage was represented by Angela Martin of Wilson & Associates, but the order entered on June 8, 2010, did not grant summary judgment in favor of Wilson & Associates.

On July 15, 2010, Mr. Dunn's bankruptcy case was dismissed for failure to file required documents. On July 26, 2010, the Dunns, proceeding pro se, filed a document styled "Notice to Court for Violation of Automatic Stay and Notice of Filing a Criminal Complaint against Judge Mackie Pierce and Motion for Reconsideration." On August 10, 2010, American Mortgage filed its motion for summary judgment on appellants' TILA (Truth in Lending Act, 15 U.S.C. §1602) claim.

On January 31, 2013, the bankruptcy court found that the June 8, 2010 order granting CitiMortgage's motion for summary judgment was filed during the pendency of Mr. Dunn's bankruptcy and was therefore void. However, the bankruptcy court's order further stated that, because the automatic stay was no longer in effect, the circuit court could reissue the June 8,

2

2010 order and "upon its filing, said Order shall have full force and effect."

On November 8, 2013, the Dunns filed an amended complaint in a second case (Case No. 60-CV-13-102) in which they raise substantially all of the same issues that were raised in the first case filed on January 19, 2010. The claims against CitiMortgage were dismissed from the second case on res judicata grounds. On November 13, 2013, the circuit court reissued its previous order granting summary judgment in favor of CitiMortgage on appellants' TILA and outstanding claims in the first case.[1]

On November 22, 2013, the Dunns filed a notice of appeal from the November 13, 2013 order entered in the first case. On December 27, 2013, the Dunns filed an amended notice of appeal in which they sought to include in the record the amended complaint filed in the second case. That appeal, which was given Court of Appeals case number CV-14-128, was dismissed on June 20, 2014.

On August 6, 2014, the circuit court held a hearing in the first case. Appellants' counsel informed the court that the Dunns had prematurely appealed the case before the trial court had ruled on American Mortgage's motion for summary judgment and requested the court to rule on the motion. That same day, the circuit court granted summary judgment in favor of American Mortgage, finding that appellants' TILA claims were time-barred. The circuit court also issued a Rule 54(b) certification on August 6, 2014, stating that CitiMortgage and Wilson & Associates were granted summary judgment on November 13,

---

[1]There are no changes from the order entered on June 8, 2010, and the order entered on November 13, 2013. Everything is identical except for the stamped file date.

2013 and that American Mortgage was granted summary judgment on August 6, 2014.

When multiple parties are involved in a lawsuit, Arkansas Rule of Civil Procedure 54(b) provides that a circuit court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties "only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment." Ark. R. Civ. P. 54(b). Once the court makes such a determination, it must execute a certificate in compliance with the requirements of Rule 54(b). *See Stouffer v. Kralicek Realty Co.*, 81 Ark. App. 89, 98 S.W.3d 475 (2003).

Rule 54(b) allows an appeal from an order disposing of some of the claims or parties when a final order disposing of all claims has not yet been rendered. Arkansas law is well settled that merely tracking the language of Rule 54(b) will not suffice; the record must show facts to support the conclusion that there is a likelihood of hardship or injustice that would be alleviated by an immediate appeal rather than at the conclusion of the case. *See Fisher v. Citizens Bank of Lavaca*, 307 Ark. 258, 819 S.W.2d 8 (1991); *Austin v. First Nat'l Bank*, 305 Ark. 456, 808 S.W.2d 773 (1991); *Arkhola Sand & Gravel Co. v. Hutchinson*, 291 Ark. 570, 726 S.W.2d 674(1987).

Here, the circuit court's August 6, 2014 Rule 54(b) certification contains a factual error. The certification asserts that CitiMortgage and Wilson & Associates were granted summary judgment on November 13, 2013 and that American Mortgage was granted summary judgment on August 6, 2014. However, the circuit court's November 13, 2013 order does not reflect that; it only grants summary judgment in favor of separate defendant

CitiMortgage. There is no reference in the record to the circuit court's decision regarding Wilson & Associates' motion for summary judgment.[2]

Moreover, the order from which this appeal is brought merely parrots the language of Rule 54(b) without stating any facts in support of the finding there is no just cause for delay. The essential findings, and the facts on which they are based, are absent here. Our supreme court has stressed that the trial court must make an express determination that there is no reason to delay an appeal, stating that the court must set forth factual reasons why a hardship or injustice would result if an appeal is not permitted. *Davis v. Wausau Ins. Co.*, 315 Ark. 330, 867 S.W.2d 444 (1993). Further, that factual grounds supporting a Rule 54(b) certification may exist in the record is not enough; they must be set out in the circuit court's order. *Id.* The Rule 54(b) certificate in the instant case not only contains incorrect information, but it also does not comply with the requirements that are explicitly outlined in Arkansas Rule of Civil Procedure 54(b).

Because the Rule 54(b) certificate executed in this case does not conform to the Rule and relevant case law, it is ineffective to certify the appeal. Accordingly, we dismiss the appeal without prejudice to re-file upon entry of an order that complies with Rule 54(b).[3]

Dismissed without prejudice.

GLOVER and BROWN, JJ., agree.

---

[2]We again mention that CitiMortgage is represented by Angela Martin, an attorney at Wilson & Associates. However, this does not change the fact that the circuit court's Rule 54(b) certificate is flawed by stating that summary judgment was granted in favor of Wilson & Associates on November 13, 2013.

[3]We note that other claims may also be pending and that they might affect our jurisdiction to entertain this appeal.

SLIP OPINION

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, for appellants.

*Lax, Vaughan, Fortson, Rowe & Threet, P.A.*, by: *Grant E. Fortson*, for appellee American Mortgage Associates, Inc.

*Burr & Forman LLP*, by: *Rik S. Tozzi*, pro hac vice, and *Megan P. Stephens*, for appellee Citimortgage, Inc.